# WESTERN LOAN & SAVINGS COMPANY, APPELLANT, *v.* SILVER BOW ABSTRACT COMPANY, RESPONDENT.

(No. 1,996.)

(Submitted November 12, 1904.    Decided December 16, 1904.)

*Abstracts of Title—Omissions—Liability of Abstracter—Privity of Contract—Foreign Corporations—Licenses—Expiration—Renewal.*

1.    Where, though defendant abstract company had arrangements with plaintiff loan association by which abstracts were furnished at the cost of borrowers from the association, to be used by plaintiff, defendant agreed to furnish the abstract in question for plaintiff, and delivered the same knowing that it was made for plaintiff's exclusive benefit and use, and that plaintiff would rely thereon, there was sufficient privity of contract to enable plaintiff to recover damages sustained by reason of a failure of the abstract to disclose an unsatisfied judgment against the land referred to therein.

2.    Where plaintiff, a foreign corporation, was licensed to do business in Montana at the time it contracted with defendant abstract company for the preparation of an abstract, and it was not contended that plaintiff had not complied with the law at the time the mortgage taken on the faith of such abstract was foreclosed, and at the time action was brought to recover damages sustained from an omission in such abstract, it was immaterial that a short period existed in the meantime, during which plaintiff's license to do business had expired, and remained unrenewed.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by the Western Loan & Savings Company against the Silver Bow Abstract Company.    From a judgment in favor of defendant, plaintiff appeals.    Reversed.

*Mr. John A. Shelton,* for Appellant.

*Mr. C. C. Darrow,* and *Mr. W. I. Lippincott,* for Respondent.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

In this case the district court sustained a motion for nonsuit, and judgment was entered for defendant.    The appeal is from this judgment.

1.   The action was commenced to recover damages alleged to have been sustained by plaintiff by reason of a defective abstract of title to certain real estate which one George A. McDonald mortgaged to plaintiff to secure a loan, the defect being a failure to note in the abstract an unsatisfied judgment then of record against McDonald.

"On motion for nonsuit,   *   *   *   that which the evidence tends to show must be taken as proved." (*Cummings* v. *Helena & Livingston S. & R. Co.,* 26 Mont. 434, 68 Pac. 852; *McCabe* v. *Montana Central Ry. Co.,* 30 Mont. 323, 76 Pac. 701, and cases cited.)

In this case the evidence tends directly to show that the plaintiff is a building and loan association incorporated under the laws of Utah, and that McDonald was at the time a stockholder therein, and resided at Butte, Montana; that Paul A. Ozanne was president and general manager of defendant company from 1898 to 1900, and, as such official, signed its annual reports, and that he was also the agent of plaintiff company for the purpose of appraising the value of real estate offered as security for loans; that, under an arrangement previously made between plaintiff and defendant, applicants for loans were required to furnish abstracts prepared by defendant, the applicant paying defendant therefor; these abstracts were to be furnished plaintiff, and not the applicant, and the statements therein were relied upon by plaintiff; that the abstract in question was furnished under this arrangement.   On May 10, 1899, the written application of McDonald for a loan, offering certain lands for security, was signed and sworn to before Paul A. Ozanne as a notary public, and on the same day the value of this security was appraised by Ozanne and one other, and on May 20th Ozanne sent the application for a loan, together with the appraisement, to the plaintiff, at Salt Lake, Utah.   The abstract was made by defendant, and closed with this statement:   "We further certify that there are no unsatisfied judgments, liens, attachments or unpaid taxes appearing of record and affecting the property above described, except such as are noted herein.

Witness our hand and the corporate seal of said company hereto attached this 13th day of May, A. D. 1899, at 2 o'clock p. m. Silver Bow Abstract Co. by Paul A. Ozanne, Manager." This abstract did not contain any reference to a judgment against McDonald. The plaintiff relied exclusively on the abstract being correct, and suffered damage by reason of this omission. The abstract was sent to the plaintiff by Ozanne on May 20th, and the loan was approved May 27th or 28th. The mortgage from McDonald to the plaintiff was acknowledged before Ozanne on June 9th, and about June 13th the check for the loan was sent to Ozanne, and was made payable to McDonald. The plaintiff's license to do business in Montana expired May 31st, and it was not renewed until July 25th, the explanation given being that the state auditor did not furnish the company a form of statement; that, relying upon this being furnished, the company did not make a report until it received this form from the auditor. All the dates herein referred to are in the year 1899.

The motion for nonsuit is based upon two grounds: (1) That there was no privity of contract between plaintiff and defendant; (2) that the plaintiff was not authorized to do business in Montana at the time this mortgage was executed.

The general, perhaps universal, rule of law is that there must be either contract, or privity of contract, to constitute liability on the part of the abstracter. (*Symns* v. *Cutter,* 9 Kan. App. 210, 59 Pac. 671.) This rule of law is conceded by the appellant. "Privies" are defined as "persons connected together, or having mutual interest in the same action or thing by some relation other than that of actual contract between them." (Black's Law Dictionary, 940.) "A contract made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." (Section 2103, Civil Code; *Burton* v. *Larkin,* 36 Kan. 246, 13 Pac. 398, 59 Am. Rep. 541; *McLaren* v. *Hutchinson,* 22 Cal. 187, 83 Am. Dec. 59.)

The evidence in this case, being admitted for the purpose of this motion to be true, tends not only to establish privity of contract, but an actual contract, between the plaintiff and defend-

ant with respect to this abstract. The defendant knew that the abstract was made for the exclusive benefit and use of the plaintiff, and knew that the plaintiff would rely thereon, and the abstract was delivered by the defendant to the plaintiff. Under this state of facts, there can be no doubt as to the liability of the defendant if the action can be maintained. (*Brown* v. *Sims,* 22 Ind. App. 247, 53 N. E. 779, 72 Am. St. Rep. 308.)

2. It appears from the record that the plaintiff was licensed to do business in the state of Montana to and including the 31st day of May; that this abstract was made on the 13th day of May; that it was sent by the defendant to the plaintiff on the 20th day of May; that the plaintiff acted thereon, and approved the loan not later than the 28th day of May. It appears, therefore, that the contract or privity of contract existing between the plaintiff and the defendant with respect to this abstract was prior to the time when the plaintiff's license expired, and there is no pretense that plaintiff had not complied with the law at the time the mortgage was foreclosed and at the time this action was commenced.

It is unnecessary to consider the proposition as to whether the penalty named in the law (Session Laws 1897, p. 231) is exclusive, or whether the plaintiff can be further punished by having all his contracts declared void or voidable.

We think this judgment should be reversed, and the cause remanded.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded.