[No. 9486.   Department Two.   February 20, 1912.]

BREMERTON DEVELOPMENT COMPANY, *Respondent*, v. TITLE
TRUST COMPANY, *Appellant*.[1]

ABSTRACTS OF TITLE—MISTAKES—LIABILITY.   The liability of an abstracter for want of care in making an abstract of title is contractual, and extends only to the employer.

SAME — OMISSIONS — LIABILITY — CERTIFICATE — CONSTRUCTION— ASSESSMENT LIENS.   Where an abstracter, in extending an abstract prepared by another, certifies as to all city taxes and special assessments "due and unpaid. against said premises," except taxes and special assessments, if any, shown by a previous certificate, the certificate must be construed to include all unpaid special assessments not referred to in the previous certificates, regardless of when they attached, as the previous certificate is thereby referred to and adopted, rendering the abstracter liable for omitting any reference to an unpaid assessment that became a lien prior to the time covered by the extension, which was negligently omitted from the certificate of the first abstracter.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 18, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for breach of contract.   Affirmed.

*Herr, Bayley, Wilson & Smith*, for appellant.
*Fred'k R. Burch*, for respondent.

CROW, J.—The defendant Title Trust Company is a corporation engaged in the business of preparing, certifying, and selling abstracts of title.   On or about June 8, 1910, the plaintiff, Bremerton Development Company, a corpora-

[1]Reported in 121 Pac. 69.

tion, was considering the purchase of real estate in the city of Seattle, subject to existing liens. An abstract of title, prepared and certified by the defendant, was delivered to plaintiff. For the purpose of ascertaining all liens, and before agreeing to make the purchase, plaintiff employed and paid defendant to extend the abstract with a further certificate to June 10, 1910, which defendant did. Upon an examination of the abstract thus extended, plaintiff concluded to purchase the real estate, and accepted from the vendor a deed subject to all special assessments then liens, which plaintiff assumed and agreed to pay. Shortly thereafter, plaintiff discovered that a special improvement assessment levied by the city of Seattle was a valid lien and had been omitted from the abstract. Being compelled to pay the assessment, plaintiff commenced this action against the Title Trust Company to recover damages. From a judgment in plaintiff's favor, the defendant has appealed.

The record without dispute shows that the abstract had been previously certified to November 10, 1909; that on June 8, 1910, an extension certificate covering five additional sheets, including four instruments then attached, was made for a third party; that respondent employed appellant to again extend the abstract, which it did with a tax search and certificate to June 10, 1910. The last tax search and the certificate referring to all changes since November 9, 1909, read as follows:

"Tax Search.

"Search has been made for State, County and Municipal real property taxes due and unpaid against the premises described in the certificate hereto, as appears from the county rolls in the office of the County Treasurer of King County, State of Washington; also for City taxes and special assessments for street, sewer, parking, water-main, fire-hydrant and sidewalk improvements, due and unpaid against said premises (if the same lies within the present corporate limits of the City of Seattle, or of the City of Georgetown) as appears from the general and special assessment rolls in the office of the City Treasurer of said City. Taxes and special

assessments, if any, shown by a previous certificate are not referred to herein unless there has been some change by payment or otherwise since the date of said certificate.

"Taxes.

"The real property taxes for the year 1909 were paid by Max Ragley.

"Special Assessments.

"[Here follow statements on four separate special assessments, but no mention is made of the assessment of which complaint is now made.]

"Certificate.

"The Title Trust Company, a corporation, organized and existing under the laws of the State of Washington, hereby certifies that the foregoing five (5) sheets, consisting of four (4) instruments, show all matters that have been filed, or entered, upon the Official Records of King County, Washington, of the City of Seattle and of the Federal Courts holding sessions in said county, from the 10th day of November, 1909, at 8 o'clock a. m. to the date of this certificate, affecting the title to the following described premises, situate in the City of Seattle, County of King, State of Washington, to wit: . . . That the preceding sheet contains a correct statement of all real property taxes and special assessments against said premises since November 10, 1909, at 8 a. m., as shown by the tax records therein referred to.

"In testimony whereof, etc."

Appellant contends that the trial court erred in denying its motions for a directed verdict and for judgment *non obstante veredicto*. It concedes that the special assessment lien was never shown or disclosed, but insists that the omission occurred in an earlier portion of the abstract prepared for other parties; that the assessment became a lien on February 20, 1908; that the certificate made for respondent only covered the period between November 9, 1909, and June 10, 1910; that no change other than those shown had occurred within that time; that the certificate was therefore truthful; that no omission or mistake was made by appellant in the performance of its contract with respondent; that appellant's liability, if any, would be to parties by whom it had been

previously employed; that, relative to the omitted assessment, no privity of contract existed between appellant and respondent, and that respondent is not entitled to recover.

An abstracter's liability for damages arising from negligence or want of due care in making an examination of records and in preparing an abstract of title is contractual. The weight of authority is that such liability extends only to the person by whom the abstracter was employed. There must be a contract or privity of contract to create the liability, as it does not originate in tort. 1 Cyc. 215; *Thomas v. Guarantee Title & Trust Co.*, 81 Ohio St. 432, 91 N. E. 183, 26 L. R. A. (N. S.) 1210.

The only question before us is how the last tax search and certificate made by appellant under its contract of employment by respondent must be construed. Appellant frankly confesses that the local improvement assessment was omitted from the previous tax search and certificate of November 10, 1909, and concedes that the party who ordered and paid for that certificate could recover for damages resulting to him. Appellant, however, insists that such former omission cannot sustain respondent's action, which only involves, and must rest upon, the last extension from November 10, 1909, to June 10, 1910. The certificate which appellant prepared and delivered to respondent precludes it from interposing any such defense. It certified that search had been made for city taxes and special assessments *due and unpaid* against the real estate. It is conceded that a portion of this assessment was then past due as shown by assessment rolls in the office of the city treasurer. The tax search statement also recites that taxes and special assessments, if any, shown by a previous certificate, were not referred to unless some change had occurred. Construing the tax search statement and certificate together, it becomes apparent that an examiner was thereby advised that existing assessment liens not therein mentioned would be found by referring to preceding tax search statements and certificates. The language

used clearly indicates that the existence or nonexistence of assessment liens shown by previous searches and certificates continued as therein shown, subject only to subsequent changes in the last certificate mentioned. By this certificate, an examiner of the title was directly referred to the previous tax searches and certificates to ascertain existing liens, and he would be justified in concluding that no assessment liens existed other than those thus disclosed. It is apparent that the form of certificate used was adopted by appellant to avoid the necessity of repeating assessment liens disclosed by previous searches and still existing. By reference and adoption, the former certificates thus became part and parcel of the later certificate made for respondent. The simple facts are that, in previous tax searches and certificates, the appellant failed to disclose the assessment lien; that the last tax search and certificate made for respondent, by reference to the previous ones, repeated, continued, and extended that omission; that respondent, relying on the last certificate and the former ones to which it referred, assumed the lien without knowledge of its existence; that it has thereby been damaged; and that the damage was caused by the appellant's failure to properly make its tax search and prepare its certificate. Appellant's liability is one arising in contract.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and ELLIS, JJ., concur.