[No. 10096. Department One. July 29, 1912.]

Theodore Anderson, *Respondent*, v. Charles P. Spriestersbach et al., *Appellants*.[1]

Abstracts of Title—Liability for Negligence. Where an abstracter of titles knows that the party to whom he delivered an abstract, at the instance of the owner who ordered and paid for it, will rely upon it in making a trade or purchase of property, he is liable to such party in damages for a loss resulting from a material error or omission.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered November 7, 1911, upon granting plaintiff's motion for nonsuit at the close of defendants' case, in an action on contract. Reversed.

*Cooley & Horan* and *R. Mulvihill*, for appellants.
*Coleman, Fogarty & Anderson*, for respondent.

[1]Reported in 125 Pac. 166.

CHADWICK, J.—This action was brought to recover the sum of $463.50, the price of certain abstracts made by plaintiff for defendants. The defendants answered, setting up a counterclaim for damages. A further statement of the facts is unnecessary at the present time. The legal question to be resolved is whether an abstracter, knowing that the party to whom he delivers an abstract, at the instance of the owner who ordered and paid for it, will rely upon it in making a trade or purchase of the property described therein, is liable in damages for a loss resulting from a material error or omission. The trial judge applied the rule as laid down in 1 Cyc. 215:

"By the weight of authority an abstracter is liable only to the person ordering and paying for the abstract; and where this view obtains, the fact that an abstracter has knowledge that his abstract is to be used in a sale or loan to advise a purchaser or a person about to lend money does not affect the rule as to his liability."

This rule is sustained by the weight, considered in numbers, of authority; but we are not willing to apply it, unless it is plain that there was no duty on the part of the abstracter to the party injured. In this case the abstracter not only knew the purpose of the abstract, but became the agent of the other party to the transaction, out of which the loss resulted, to deliver it to defendant. He knew that the trade, if made at all, would be made upon the faith of his certificate.

What is called the general rule has not been allowed to stand without strong and persistent challenge. In one of the leading cases, *Savings Bank v. Ward*, 100 U. S. 195, the doctrine was denied by Chief Justice Waite, dissenting, with whom Justices Swayne and Bradley concurred. He said:

"The circumstances were such as ought to have satisfied him that his certificate was to be used by Chapman in some transaction with another person as evidence of the fact certified to. . . . It seems to me that under these circumstances Ward is liable to the bank for any loss it may sustain by reason of his erroneous certificate."

Like expressions are to be found in many of the cases. In some states the injustice of the rule invoked by plaintiff has been recognized by the legislature and abrogated by statute. We are not now prepared—indeed it is not necessary—to hold that an abstracter is liable to a third party to whom his customer presents an abstract in the procurement of money or property. The general rule was recognized, if not expressly affirmed, in *Bremerton Dev. Co. v. Title Trust Co.*, 67 Wash. 268, 121 Pac. 69, where a recovery was allowed upon our finding of strict privity of contract, but it does not follow that there are no exceptions to the rule. Indeed, they have been recognized, and in our judgment are as securely established as the rule itself. So where, as in this case, the facts warrant us in saying that there was a republication of the abstract to the defendant, or that it was made in his behalf, we have no hesitation in asserting that the abstracter is responsible under his certificate for the loss sustained.

"It is very well known that the owner of real estate seldom incurs the expense of procuring an abstract of the title from an abstracter, except for the purpose of thereby furnishing information to some third person or persons who are to be influenced by the information thus provided. If the abstracter in all cases be responsible only to the person under whose employment he performs the service, it is manifest that the loss occasioned thereby must in many cases, if not in most cases, be remediless. Where the abstracter has no knowledge that some person other than this employer will rely in a pecuniary transaction upon the correctness of the abstract, the general rule that his duty extends only to his employer must be maintained. How far exceptions ought to be countenanced, we will not now undertake to say, but, confining ourselves to the case before us, we are of the opinion that the facts stated in the complaint are sufficient to put the defendant to his answer. Here there was actual communication between the abstracter and the person for whose information the abstract was prepared. The appellant had refused to make the loan until he should be furnished with an abstract, and the abstracter was informed that his abstract was to be used for the particular purpose of inducing

the plaintiff to make a loan secured by mortgage on this real estate. He delivered the abstract to the appellant for his use, and certified it to be a correct and true abstract of title; . . . We think it cannot properly be said that the appellee did not owe a duty to the appellant arising under the contract, the attending circumstances indicating that it was the understanding of all the parties that the service was to be rendered for the use and benefit of the appellant, the particular person who was to loan his money in reliance upon what the abstracter should do and represent in the premises. If such a duty did arise, the appellee was bound to the person to whom he owed the duty to perform it with reasonable care and skill. However broad and inclusive the statements of the general doctrine in the decided cases, we think that when the facts involved, and the reasons stated in the opinions, to some of which we have referred, are considered, it must be concluded that the view we take of the pleading before us is sustained by the authorities." *Brown v. Sims,* 22 Ind. App. 317, 53 N. E. 779, 72 Am. St. 308.

"The defendant knew that the abstract was made for the exclusive benefit and use of the plaintiff, and knew that the plaintiff would rely thereon, and the abstract was delivered by the defendant to the plaintiff. Under this state of facts, there can be no doubt as to the liability of the defendant." *Western Loan & Savings Co. v. Silver Bow Abstract Co.,* 31 Mont. 448, 78 Pac. 774, 107 Am. St. 435.

It is inferentially held in *Savings Bank v. Ward, supra,* that, had the abstracter had "any knowledge as to the purposes for which the abstract was obtained," he would have been liable to one acting upon its credit; while in other cases it has been squarely held that, where the abstracter has notice that the abstract is procured for a particular person or use, he will be held liable to such person for damages caused by his negligence or omission. *Dickle v. Nashville Abstract Co.,* 89 Tenn. 431, 14 S. W. 896, 24 Am. St. 616; *Peabody Bldg. & Loan Ass'n v. Houseman,* 89 Pa. St. 261, 33 Am. Rep. 757; *Equitable Bldg. & Loan Ass'n v. Bank of Commerce & Trust Co.,* 118 Tenn. 678, 102 S. W. 901, 12 L. R. A. (N. S.) 449, and note; Warvelle, Abstracts of Titles (3d ed.), § 9.

Other questions are raised, but in our judgment they rest upon disputed facts, and the case will be sent back for further proceedings in conformity with this opinion.

Judgment reversed.

Mount, Gose, Parker, and Crow, JJ., concur.