No. 18,664.

E. T. ARNOLD et al., Partners, etc., *Appellants,* v. O. C. BARNER et al., *Appellees.*

SYLLABUS BY THE COURT.

1. ABSTRACT OF TITLE—*Errors and Omissions—Liability of Abstractor and His Sureties.* Under the amendment to the law regulating abstracting (Laws 1903, ch. 1) the abstractor and his sureties are liable upon the abstractor's bond for all negligent errors and omissions in an abstract, not only to a person who employed him, but also to all persons who purchase or invest in land relying on an abstract furnished for that purpose.

2. SAME—*Extending Abstract—Reissue and New Certificate—Liability.* Ordinarily an abstractor who is employed to extend an abstract previously made is only liable for negligent errors and omissions in the extended part of the abstract; but if, when the extension is made, he reissues and recertifies the original with the extended part his liability will be the same as if a complete abstract had been made at the time of the extension.

3. SAME—*Abstractor's Bond—Liability of Sureties.* A bond conditioned that an abstractor "shall well and properly demean himself in the business of abstracting," and also "shall honestly and faithfully discharge and perform such other duties as abstractor as are prescribed by law," makes the abstractor and his sureties liable in the manner and to the extent provided for in the statute, which is, in effect, read into the bond.

4. SAME—*Action for Damages—Statute of Limitations.* The statute of limitations begins to run on a cause of action against an abstractor for negligent errors and omissions in an abstract from the time the abstract is furnished rather than from the time the negligent errors and omissions are discovered or when damages result therefrom.

Appeal from Riley district court; SAM KIMBLE, judge. Opinion filed March 7, 1914. Reversed.

Arnold & Co. v. Barner.

*A. E. Crane, E. D. Woodburn, F. T. Woodburn,* all of
Holton, *Thomas Harley,* of Lawrence, *C. H. Codding,*
and *J. K. Codding,* both of Leavenworth, for the ap-
pellants.

*John E. Hessin,* and *John Clarke Hessin,* both of
Manhattan, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action, begun May 7, 1912,
the appellants, E. T. Arnold & Company, sought to re-
cover damages in the sum of $5000 from appellees on an
abstractor's bond given by O. C. Barner, as principal,
and M. R. Barner, W. A. Brown and F. E. Marsh, as
sureties. In the petition the appellants alleged that
Barner was engaged in the business of making ab-
stracts of title to real estate, and as a condition prece-
dent he gave a bond in the sum of $5000, dated March
29, 1909, and approved on April 9, 1909, with the above-
named parties as sureties, conditioned, among other
things, that "O. C. Barner shall well and properly de-
mean himself in the business of abstracting," and after
some provisions to the effect that he would not mutilate
or destroy public records nor interfere with or delay
public officers in the performance of their duties and
would become liable for a violation of these require-
ments it was further recited that:

"O. C. Barner shall be liable to any person or per-
sons for whom said O. C. Barner may compile, make or
furnish abstract of title to the amount of damage done
said person or persons by any incompleteness, imper-
fection or error made by said O. C. Barner in compiling
said abstract, and shall honestly and faithfully dis-
charge and perform such other duties as abstractor as
are prescribed by law, then this obligation shall be void,
otherwise to remain in full force and effect."

It is alleged that on February 9, 1909, Barner was
employed by a former owner of the land involved
herein to examine the records and prepare an abstract

49—91 KAN.

of title to the land, and that he made one which purported to be correct and complete up to and including February 9, 1909, that later, at the request of another, he posted and recertified the same abstract down to April 22, 1909, and that on June 24, 1909, Barner was employed by one O'Meara to continue and recertify the abstract down to and including the 24th day of June, 1909, and that the abstract made and so recertified by him was incorrect and incomplete in that he failed to note that a mortgage for $3200 belonging to Jere Culham had been given while the existence of the mortgage, the name of the mortgagee, the amount of the debt secured and the rate of interest which the debt brought were all clearly shown by recitals in three conveyances of the land which were on record. One of these conveyances was recorded on January 8, 1909, another on January 12, 1909, and still another on January 28, 1909. It was averred that O'Meara sold the land to appellants, stipulating that it was free and clear of all incumbrances except a certain mortgage of $2600 in favor of Coleman Puett, and that he employed and paid Barner for reissuing and recertifying the abstract up to date, but that the abstract so furnished omitted any mention of the Culham mortgage of $3200, and that appellants, relying upon the abstract, purchased the land and paid the agreed purchase price. It was further averred that an action was brought to foreclose the Culham mortgage, in which it was adjudged to be an incumbrance upon the land, and appellants were compelled to pay the mortgage debt as well as the costs and attorneys' fees, which amounted to $5000, as the grantors of the land were insolvent and unable to respond in damages for the breach of the covenants of warranty of their respective deeds. The court sustained a demurrer to appellants' petition, and this ruling is brought here for review.

It is contended that as the abstract was not made for appellants, and no direct contract relation had with

Arnold & Co. v. Barner.

them, there is no liability of the abstractor to them. In the statute as it existed prior to 1903 it was provided that the abstractor should be liable to the person or persons for whom the abstract was compiled, and under that statute it was held that there must be privity of contract to create liability, and therefore there could be no liability to third persons. (Laws 1889, ch 1; *Mallory v. Ferguson,* 50 Kan. 685, 32 Pac. 410, 22 L. R. A. 99; *Allen v. Hopkins,* 62 Kan. 175, 61 Pac. 750.)

After these decisions had been rendered the statute was changed and the liability on the bond extended so as to include all damages caused to any person or persons by reason of the incompleteness, imperfections or errors made by the abstractor. (Laws 1903, ch. 1, Gen. Stat. 1909, § 1690.)   Instead of confining the liability of the abstractor to the person who employs him, it was the evident purpose of the legislature to broaden the liability and extend protection to any person or persons who purchased or invested in land on the faith of an examination and abstract made by a bonded abstractor for that purpose, regardless of who ordered or paid for the abstract.   A statute of Nebraska provided for a liability upon an abstract in somewhat similar terms, and it was held that the legislature intended to extend the abstractor's liability beyond the limitation fixed by the common law, and that any person who purchased or invested in land, relying on an abstract furnished by an abstractor, was within the provision of the statute and the protection of the bond. (*Gate City Abstract Co. v. Post,* 55 Neb. 742, 76 N. W. 471; see, also, *Goldberg et al. v. Loan & Title Co. et al.,* 24 S. Dak. 49, 123 N. W. 266; *Economy B. & L. Ass'n v. West Jersey Title Co.,* 64 N. J. Law, 27, 44 Atl. 854; *West. Loan & S. Co. v. S. B. A. Co.,* 31 Mont. 448, 78 Pac. 774, 107 Am. St. Rep. 435; *Anderson v. Spriesterbach,* 69 Wash. 393, 125 Pac. 166.)

It appears that the original abstract herein was prepared about two months prior to the time that the

abstractor's bond was accepted and approved, and ordinarily there would be no liability upon the bond for negligent omissions and errors of the abstractor previous to its execution. However, it is specifically alleged that the abstract as originally prepared was reissued and recertified by the abstractor as a correct and complete abstract under an agreement with O'Meara, the grantor of appellants, who delivered it to appellants, and that they, relying on its correctness, purchased the land and suffered loss through the negligent errors and omissions of the abstractor that have been mentioned. If the abstract was then reissued and recertified as a whole, as alleged, the abstractor is liable to the extent that he would have been if a new and complete document had been made at the time of reissue. Ordinarily an abstractor who is employed to bring up to date an abstract previously made is only expected and required to examine and certify as to matters which have been brought on the records during the intervening period, and in such event his liability would be limited to such errors as were made in the extension of the abstract. If, however, he undertakes to examine the entire records and to reissue the abstract which he had previously prepared, and he then represents and certifies that it is a complete epitome of all the facts affecting the title from the beginning to the time of reissue the abstractor would be liable not only for omissions and errors in the extension of the abstract but for those in the original abstract. (*Bremerton Development Co. v. Title Trust Co.*, 67 Wash. 268, 121 Pac. 69.)

There is a contention that the terms of the bond do not cover any liability except such as may arise in favor of the persons for whom the abstract was compiled and made. It is true that a condition of the bond is to the effect that the abstractor shall be liable to the person for whom the abstract is made, but it contains other conditions as well. One is that the abstractor "shall well and properly demean himself in the

business of abstracting," and that can only be done by the performance of his duties as the law provides. Another condition of the bond is that he "shall honestly and faithfully perform such other duties as abstractor as are prescribed by law." By this provision the sureties undertake that the abstractor will comply with the statutory provisions respecting abstracting. The provisions of the act of 1903 are, in effect, carried into the bond, and the abstractor and his sureties are therefore liable on the bond as that act provides, and, as we have seen, a liability arises in favor of others than the one who employed the abstractor.

There is a contention that the action sought to be set up by the appellants is barred by the statute of limitations. It is insisted that the cause of action against the abstractor accrued on February 9, 1909, and the action would, therefore, be barred on February 9, 1912, while the action was not commenced until May 7, 1912. Assuming that the action is based on a liability created by statute and is within the three-year limitation, as appellees contend, it is, nevertheless, not barred as it was brought less than three years after the abstract was reissued under the agreement with O'Meara. The petition alleges that the abstract was reissued and recertified on June 24, 1909, and the action was brought in less than three years after that time. It is true, as appellees contend, that the statute begins to run from the time the abstract is furnished rather than from the time the negligent errors or omissions are discovered or when damage results from them. (*Russell & Co. v. Abstract Co.*, 87 Iowa, 233, 54 N. W. 212, 43 Am. St. Rep. 381; Note, 12 A. & E. Ann. Cas. 410.) Taking the averments of the petition the statute had not run as to the reissued abstract.

Holding that the petition states a cause of action, it follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.