[No. 11606.   Department One.   June 8, 1914.]

JAMES H. DOUGLAS et al., Respondents, v. TITLE TRUST
COMPANY, Appellant.[1]

ABSTRACTS OF TITLE—CERTIFICATE—OMISSIONS—LIABILITY.   An ab-
stract company, certifying to the title to property, between specified
dates, that no proceedings affecting the title to the property had
been had in the state or Federal courts affecting the title during
such time, is not liable for failure to notice interlocutory proceedings
had in an action commenced before, and judgment entered after, the
limit of the certificate, such as hearings and continuances which did
not operate as a lien upon or affect the title to the land.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 22, 1913, upon findings
in favor of the plaintiff, in an action for damages for breach
of contract.   Reversed.

Peters & Powell and Herr, Bayley & Wilson, for appel-
lant.

Douglas, Lane & Douglas and Kerr & McCord, for re-
spondents.

CHADWICK, J.—We have before us an abstract of title
with four certificates.   The first certificate was made on the
11th day of August, 1911.   It shows Ordinance No. 19,-
426, of the city of Seattle, condemning a part of the property
covered by the abstract for street purposes, and directing the
city attorney to begin suit to carry the ordinance into effect.
This ordinance was passed October 26, 1908, and approved
November 5, 1908.   Suit was begun on the 30th day of De-
cember, 1908.   The abstract was continued and certified on
August 26, 1911, and on April 25, 1912, by another abstract
company.   The beginning or the pendency of the suit was
not shown in any of these continuations.   In April, 1912,
plaintiffs negotiated for an exchange of properties with the
then owner of the property.   They handed the abstract, with

[1]Reported in 141 Pac. 177.

its several certificates, to defendant, and on June 13, 1912, the abstract was returned with a certificate purporting to cover the period between the 15th day of April, 1912, and the 13th day of June, 1912. A file in the auditor's office was noted and the certificate continues:

"and further certifies that since said date there have been no proceedings affecting the title to said property had in the superior court of the state of Washington, in and for said county, or in the federal courts heretofore or now holding terms in said county."

Douglas, Lane & Douglas, attorneys at law, of which firm plaintiff James H. Douglas is a member, certified to the state of the title, saying:

"(5)  Ordinance No. 19,426 of the city of Seattle shown at page 18 of the abstract, provides for the laying off, opening, etc., of North and East 80th street, and describes a tract of land 60 feet in width over which said street is to be extended, being thirty feet in width on each side of a center line therein described. The thirty feet excepted from the tract in question is probably intended to be the strip over which this street is to be opened, but from the description we cannot say that it exactly corresponds. The abstract does not show that any condemnation proceedings have been instituted."

Plaintiffs thereupon bought the property. Pursuant to intervening proceedings and adjournments, an assessment to pay for the opening of the street was confirmed in the superior court on August 17, 1912. Plaintiffs thereafter paid the full amount thereof, and have brought this action to recover the amount so paid.

It is admitted that suit was begun under Ordinance No. 19,426 on the 30th day of December, 1908, and that other proceedings were had in the order and upon the dates following:

December 30, 1908—Petition in condemnation filed.

Sept., 1910—Cause tried and verdict rendered.

Apr. 7, 1911—Order of court referring matter to Board of Eminent Domain Commissioners to prepare assessment roll.

March 16, 1912—Assessment roll filed, and hearing set for April 25, 1912.

*Apr. 25, 1912*—Hearing on roll continued to Apr. 29th.

*Apr. 29, 1912*—Hearing on roll continued to June 6th.

*June 6, 1912*—Hearing had and assessment roll taken under advisement.

June 15, 1912—Court makes changes and orders Board to recast roll.

July 16, 1912—Re-assessment roll filed and set for hearing on August 12, 1912.

Aug. 13, 1912—Roll confirmed.

None of these items were shown in the abstract or in the continuations. Those occurring between the dates embraced in defendant's certificates are italicized. The court found for the plaintiffs, and from the judgment entered on the findings, defendant has appealed.

Plaintiffs rely entirely upon the last certificate of the abstracters. We held, in the case of *Bremerton Development Co. v. Title Trust Co.*, 67 Wash. 268, 121 Pac. 69, that an abstracter is liable, as for a breach of contract, and not in tort, for damages resulting from his negligence. The contract of the defendant, as evidenced by the certificate, was to continue the abstract from the 12th day of April, 1912, to the 12th day of June, 1912, and by the same token, the abstracter assumed to abstract only such records and proceedings between these dates as affected the title to the property. The suit was begun before, and the judgment entered after, the time limit of the certificate. There is, consequently, but one question in this case. Are the continuations entered and the hearing had in the condemnation suit, "proceedings affecting the title" necessary to be abstracted? We think not. The rule is that, when an abstract is prepared to cover only a limited period, it need not include anything of record outside of such period. 1 Cyc. 214; *Wakefield v. Chowen*, 26

Minn. 379, 4 N. W. 618. Therefore, it was not incumbent on the last abstracter to note the filing of the suit or the assessment roll. We do not understand that an abstracter is bound to notice any order, proceedings, or record unless they in fact affect the title. In the abstract of a suit or action begun and pending in a court, it is only such matters as go to the jurisdiction; as may serve as a *lis pendens;* which operate as a lien upon property; command or deny, by way of judgment or decree, some act on the part of those who have a real or apparent interest in the property; that affect or touch the title.

The time of a hearing, or the trial itself, will not, in the absence of some special showing not made here, affect or touch the title. Such orders are interlocutory and incident to every lawsuit, and to include them would generally result in the imposition of unnecessary costs to the purchaser of an abstract.

Appellant cites and relies on certain cases. We do not agree with them in the main and will not refer to them. Counsel for respondent also cites many authorities going to the admitted proposition that all instruments affecting or touching the title should be abstracted. They also rely on the *Bremerton Development Co. v. Title Trust Co.* case. That case is to be distinguished from the one at bar in this, that the liability of the abstract company was held to rest not upon the one, but upon the several certificates. The abstracter also certified that the taxes and special assessments, if any were shown by a previous certificate, were not referred to unless some change had occurred. The court said:

"By this certificate, an examiner of the title was directly referred to the previous tax searches and certificates to ascertain existing liens, and he would be justified in concluding that no assessment liens existed other than those thus disclosed. It is apparent that the form of certificate used was adopted by appellant to avoid the necessity of repeating assessment liens disclosed by previous searches and still existing. By reference and adoption, the former certificates thus

became part and parcel of the later certificate made for respondent. The simple facts are that, in previous tax searches and certificates, the appellant failed to disclose the assessment lien; that the last tax search and certificate made for respondent, by reference to the previous ones, repeated, continued, and extended that omission."

The certificate relied on in the case at bar makes no such reference or adoption.

The judgment of the lower court is reversed, and the case remanded with instructions to dismiss.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.