No. 20,403.

E. T. ARNOLD, as surviving partner, etc., *Appellant,* v. O. C. BARNER et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. ABSTRACT OF TITLE — *Extending Abstract — Liability of Abstracter.* "Ordinarily an abstracter who is employed to bring up to date an abstract previously made is only expected and required to examine and certify as to matters which have been brought on the records during the intervening period, and in such event his liability would be limited to such errors as were made in the extension of the abstract." (*Arnold & Co. v. Barner,* 91 Kan. 768, 772, 139 Pac. 404.)

2. SAME. When an abstract of title to real estate is presented to an abstracter to be brought down to date and he enters therein such matters as are of record affecting the title since the date of the last abstracter's certificate, or verifies the fact that the public records do not disclose any change in the status of the title, and he appends to the abstract the recital: "Posted from February 9, 1909, to April 22, 1909," or the like, followed by his name and official title, such recital is a certificate guaranteeing that the abstract contains all the necessary entries to show any changes in the title between the dates mentioned in the recital, but it does not mean that he verifies or recertifies the accuracy of earlier entries in the abstract prior to those dates.

3. SAME—*"Posting" of an Abstract.* The *posting* of an abstract between certain dates is the process of transferring to it such data shown by the public records as may affect the title to the property between those dates.

4. SAME—*Errors in Abstract—Limitation of Actions.* When a cause of action is in fact barred by the statute of limitations, but the allegations of the petition are so broad that they can not be met by demurrer, the defendant may enter a general denial, and may then await a failure of proof which will strip the cause of action down to the bare facts where the pertinency of the statute of limitations will become apparent, and may then interpose a demurrer to the evidence.

Arnold & Co. v. Barner.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed March 10, 1917. Affirmed.

*J. K. Codding,* of Lansing, *Thomas Harley,* of Lawrence, *F. T. Woodburn, E. D. Woodburn,* both of Holton, and *A. E. Crane,* of Topeka, for the appellant.

*John Clarke Hessin,* of Manhattan, and *John E. Hessin,* of Charleston, S. Car., for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This case was here before to review the trial court's ruling on the pleadings. (*Arnold & Co. v. Barner,* 91 Kan. 768, 139 Pac. 404.) At that time the facts were fully stated and the law comprehensively discussed. Now it is necessary to consider the abstracter's certificate and the posted entries appended thereto. They read:

"I hereby certify, The within to be a correct and complete abstract of all conveyances or other instruments of writing, affecting the title to the real estate described, now on record in the office of Register of Deeds of Riley County, Kansas.

"Witness, my hand this 9th day of February, A. D. 1909.

"O. C. BARNER, *Abstracter.*

"Posted from February 9th, 1909, to April 22nd, 1909.

"O. C. BARNER, *Abstracter.*

"Posted from April 22nd, 1909, to June 24th, 1909.

"O. C. BARNER, *Abstracter.*"

The case, being an action on a statutory liability for damages for incompleteness, imperfection or error in compiling the abstract (Gen. Stat. 1915, § 2089), it was necessary that it should be begun within three years after the cause of action accrued (Civ. Code, § 17, subdiv. 2).

Before considering the effect of the appended entries, "Posted, etc.," it should be noted that the certificate was dated February 9, 1909. This action was begun May 7, 1912—three years and nearly three months later; and, if there was nothing further to consider, the action would be barred by the statute of limitations. The "incompleteness, imperfection or error" inured in the abstract as made and certified by the certificate dated February 9, 1909. The defect consisted of the abstracter's failure to take note of a second mortgage repeatedly mentioned in certain of the conveyances recorded in the office of

the register of deeds prior to that date. The synopsis of these deeds entered in the abstract gave no hint of this mortgage.

There was no later error or imperfection in the abstract unless it occurs by inference and interpretation in the supplemental entries:

"Posted from February 9th, 1909, to April 22nd, 1909.
                                    "O. C. BARNER, *Abstracter*.
"Posted from April 22nd, 1909, to June 24th, 1909.
                                    "O. C. BARNER, *Abstracter*."

When the case was here before, the petition was held sufficient as against a demurrer. That was unavoidable because it was alleged that the defendant had—

"Posted and recertified the same abstract down to April 22, 1909, and that on June 24, 1909, Barner was employed by one O'Meara to continue and recertify the abstract down to and including the 24th day of June, 1909, and that the abstract made and so recertified by him was incorrect and incomplete." (*Arnold & Co. v. Barner*, 91 Kan. 768, 770, 139 Pac. 404.)

The court said:

"However, it is specifically alleged that the abstract as originally prepared was reissued and recertified by the abstracter as a correct and complete abstract under an agreement with O'Meara, the grantor of appellants, who delivered it to appellants, and that they, relying on its correctness, purchased the land and suffered loss through the negligent errors and omissions of the abstracter that have been mentioned. If the abstract was then reissued and recertified as a whole, as alleged, the abstracter is liable to the extent that he would have been if a new and complete document had been made at the time of reissue. . . . If, however, he undertakes to examine the entire records and to reissue the abstract which he had previously prepared, and he then represents and certifies that it is a complete epitome of all the facts affecting the title from the beginning to the time of reissue the abstracter would be liable, not only for omissions and errors in the extension of the abstract but for those in the original abstract. (*Bremerton Development Co. v. Title Trust Co.*, 67 Wash. 268, 121 Pac. 69.) . . . The petition alleges that the abstract was reissued and recertified on June 24, 1909, and the action was brought in less than three years after that time." (pp. 772, 773.)

It now develops, however, that the only proof of the recertification of the abstract as a whole is founded on the entries of *posting* appended below the certificate of February 9.

We do not think these entries prove the allegation of recertification as a whole, nor by fair intendment or interpretation can they be so construed. The word "posted" is a well-known term among bookkeepers, and means the process of transfer-

ring original entries of business transactions from a day book or journal to a methodically abridged and classified record called a ledger. When the bookkeeper commences to *post,* he begins where he left off in that sort of work before, and *posts* or enters in the ledger the transactions noted in the journal since the last *posting.* This being completed, his books are *posted* up to date. This defendant abstracter has adapted that term to his particular line of work—not an inapt term, we think—and it means that he had examined the records since the date of his last certificate on the abstract and that he had *posted*—that is, entered or transferred—to the abstract all the items affecting the title to the property appearing in the official records since his last certificate. By fair intendment it means that the abstracter guarantees the accuracy, precision and completeness of his work of posting between the dates thereof. It binds him as positively as if all manner of verbiage had been used to express his guaranty. But it does not mean that he reaffirms, recertifies or reassures the accuracy of his earlier work, or the work of an earlier abstracter. Within the dates specified in the *posted* entry he guarantees its sufficiency.

"Ordinarily an abstracter who is employed to bring up to date an abstract previously made, is only expected and required to examine and certify as to matters which have been brought on the records during the intervening period, and in such event his liability would be limited to such errors as were made in the extension of the abstract." (*Arnold & Co. v. Barner,* 91 Kan. 768, 772, 139 Pac. 404.)

It seems, therefore, that this case is controlled absolutely by the statute of limitations. The defects in the abstract antedate the entries by *posting* on April 22, 1909, and June 24, 1909. There were no errors or inaccuracies in those *postings.* The defects existed on February 9, 1909. The statute therefore began to run on February 9, 1909, or on the date when, pursuant to the entries and certificate of that date, the abstract was delivered by defendant to the party who employed him to make the abstract. That particular date is not clearly disclosed, but it was sometime before May 7, 1909, so an action filed on May 7, 1912, was barred by lapse of time.

But it is contended that the statute of limitation was not pleaded. It was raised by the demurrer to the petition. As the demurrer was ordered overruled by this court on account

of the allegation that the abstract was reissued and recertified as a whole, there was nothing defendant could do but file a general denial and await the development of the plaintiff's evidence in support of that allegation. The evidence being adduced, and it failing to support the allegation, a demurrer to the evidence was properly interposed. It is not easy to see what else the pleader for the defendant could have done.

It is finally urged that the statute of limitation did not begin to run against the plaintiff until his firm acquired the property, which was in June, 1909. It started to run on February 9, 1909, or on the date the abstract was delivered to the then owner of the property, and subsequent changes in ownership had no effect upon the current of that statute.

The judgment is affirmed.