No. 24,770.

THE ATWOOD MERCANTILE COMPANY, *Appellant,* v. E. J. ROONEY, *Appellee.*

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Not Raised by Answer—May Be Raised by Demurrer to Evidence.* A petition showed on its face that the cause of action stated therein was barred by the statute of limitations. No demurrer to the petition was filed, and the answer consisted of a general denial. The evidence for the plaintiff showed that its cause of action was barred by the statute of limitations. The defendant demurred to that evidence on that ground. The demurrer was sustained, and judgment was rendered for the defendant. *Held,* not reversible error.

Appeal from Rawlins district court; WILLARD SIMMONS, judge. Opinion filed December 8, 1923. Affirmed.

*Earl E. Howard,* of Atwood, for the appellant.
*C. A. P. Falconer,* of Atwood, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on an account. The petition showed that all of the items of the account were barred by the statute of limitations. There was no demurrer to the petition. The answer was a general denial. The plaintiff introduced its evidence, to which the defendant demurred on the ground that the evidence did not prove a cause of action and on the ground that the action was barred by the statute of limitations. That demurrer was sustained. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The sole question is: Can the statute of limitations be presented for the first time by a demurrer to evidence where the petition shows that the cause of action is barred and the answer thereto consists of a general denial?

In *Parker v. Berry,* 12 Kan. 351, this court said:

"Where a petition does not show upon its face that the plaintiff's claim is barred by the statute of limitations, the only way in which the question of the statutory bar can be raised is by special plea. A general denial will not raise it."

In *Croan v. Baden,* 73 Kan. 364, 85 Pac. 532, the following language was used:

"The statute of limitations, to be available as a defense, must be affirmatively pleaded or otherwise asserted, and a failure to do so constitutes a waiver of such defense." (Syl. ¶ 2.)

In *Brumbaugh v. Wilson,* 82 Kan. 53, 57, 107 Pac. 792, the court discussed this proposition as follows:

"The expiration of the time for bringing an action is a matter of defense. Only explicit allegations which show, not inferentially but directly, that the statutory time has run render a petition demurrable. Otherwise the question must be raised by a special plea."

Cases were reviewed in *Beachy v. Jones,* 108 Kan. 236, 195 Pac. 184, where it was held that—

"Where an action is brought on a promissory note against the maker and payee as codefendants, and the maker files an answer and cross petition against his codefendant alleging the fraud of the latter in procuring the note, and the payee's answer to such cross petition is merely a general denial, such answer is insufficient to raise a question of the statute of limitations, as such a defense can only be raised by a specific plea." (Syl. ¶ 5.)

These cases do not dispose of the question. There are other decisions by this court that must be examined.

In *Zane v. Zane,* 5 Kan. 134, the court announced the following rule:

"A petition that shows upon its face that the cause of action is barred by the statute of limitations does not state facts sufficient to constitute a cause of action."

Section 93 of the code of civil procedure in part reads—

"The defendant may demur to the petition only when it appears on its face . . . that the petition does not state facts sufficient to constitute a cause of action."

Section 597 of the second edition of Remedies and Remedial Rights by Pomeroy, in part reads—

"If the defect is of such a nature that a demurrer is proper, and the pleading would be held insufficient upon a demurrer, it is equally certain that the adverse party does not waive the objection by going to trial without demurring."

In *Good v. Ehrlich,* 67 Kan. 94, 72 Pac. 545, the court declared that—

"Where a plaintiff, for the purpose of removing the bar of the statute of limitations which had apparently run upon his cause of action, pleads that a payment had been made thereon, a general denial puts the burden upon him. The defendant need not specially plead the bar of the statute. He will prevail if the plaintiff fail to establish such payment." (Syl. ¶ 2.)

In *Norton v. Montgomery County,* 109 Kan. 559, 199 Pac. 388, this court said:

"A demurrer to a petition which shows on its face that the cause of action is barred by a statute of limitations is properly sustained." (Syl. ¶ 2.)

*Arnold & Co. v. Barner,* 100 Kan. 36, 163 Pac. 805, declared the rule to be as follows:

"When a cause of action is in fact barred by the statute of limitations, but the allegations of the petition are so broad that they cannot be met by demurrer, the defendant may enter a general denial, and may then await a failure of proof which will strip the cause of action down to the bare facts where the pertinency of the statute of limitations will become apparent, and may then interpose a demurrer to the evidence." (Syl. ¶ 4.)

In the instant case, the defendant failed to present the bar of the statute by either pleading it or demurring to the petition, but he did raise the question specifically by his demurrer to the evidence. The action was clearly barred at the time it was commenced. In *Freeman v. Hill,* 45 Kan. 435, 25 Pac. 870, this court said:

"In this state statutes of limitation are regarded not as statutes of presump-

Hardwick v. Railways Co.

tion, but as statutes of repose, and a trial court may, in its sound judicial discretion, permit a defendant to file an answer out of time, pleading the statute of limitations." (Syl. ¶ 2.)

If the demurrer to the evidence be treated as an answer filed out of time by permission of the court, there was no error in the judgment that was rendered. The defendant by his demurrer indicated that he desired to present the bar of the statute. The court permitted him to do so. The question was raised before the trial was concluded, and unless this court can say that the trial court abused its discretion in considering the statute of limitations on a demurrer to the evidence, the judgment must be affirmed. There was no abuse of discretion in permitting the defendant to raise that question for the first time at the close of the evidence of the plaintiff. Section 581 of the code of civil procedure justifies this court in the conclusion reached.

The judgment is affirmed.