(117 So. 47)

**SHINE v. NASH ABSTRACT & INVESTMENT CO.** (6 Div. 982.)

Supreme Court of Alabama. May 10, 1928.

1. **Abstracts of title** ⬅3—**Abstracter under employment of vendor is not liable for negligence to vendee, in absence of knowledge vendee is to use abstract.**

One engaged in business or calling of making abstracts of title to real estate for hire under employment of vendor is not liable because of negligence in preparation of abstract to vendee, in absence of notice or knowledge that abstract is to be furnished to, and used by, vendee in consummating sale of property.

2. **Abstracts of title** ⬅3—**Abstracter, employed by vendor with knowledge that abstract is for vendee, owes vendee duty of using reasonable skill and care.**

Where vendor consummates obligation of furnishing abstract for use of vendee, one making abstract on vendor's order, having knowledge or notice that abstract is for use of vendee, owes vendee duty of using reasonable care and skill in making abstract.

3. **Abstracts of title** ⬅3—**That abstract for use of vendee is delivered to vendor does not relieve abstracter who has knowledge from exercise of reasonable care and skill.**

Where vendor employs abstracter to make abstract who knows that it is to be used by vendee, fact that abstract is not delivered to vendee directly, but is delivered to vendor, does not relieve abstracter from duty of using reasonable care and skill.

4. **Abstracts of title** ⬅3—**Abstracter is not guarantor, and liability, in absence of express guarantee, must be grounded on negligence.**

Abstracter of titles is not guarantor, unless he expressly so undertakes, and, if liability ex-

ists in absence of express guarantee, it must be grounded on negligence.

**5. Contracts ☞187(1)—To sustain liability on contract for benefit of third party, there must be debt or duty owing by promisee to third party.**

Liability arising from contract made for benefit of third person does not give third party whose interest is merely incidental any right, but only those whose interest is direct out of which immediate duty arises, though benefit may be postponed to happening of definite contingency, and to sustain liability there must be debt or duty owing by promisee to third party claiming right to sue.

**6. Abstracts of title ☞3—Abstracter held not responsible to purchaser for error in abstract which was procured by son of vendor without her knowledge.**

Where mother and son were selling separate tracts of land, and son procured abstracts to both tracts, which were furnished purchaser, without consulting mother, *held* that abstracter was not responsible to purchaser for error in abstract of land belonging to the mother, in absence of showing her duty to furnish or that it was procured at her request.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by W. E. Shine against the Nash Abstract & Investment Company. From a judgment for defendant, plaintiff appeals. Affirmed.

It appears that Margaret Davis and B. L. Davis (mother and son) owned, separately, certain tracts of land which were separately conveyed by them to plaintiff, Shine; that George E. Kyser was a real estate broker who, representing both the Davises and Shine, brought about the sales and purchases; and that the abstract of title was ordered from defendant by B. L. Davis.

Counts 1 and 2 allege that defendant prepared for, and furnished to, plaintiff an abstract of title to the lands of Margaret Davis, etc.

Count 7 alleges that "defendant, for a reward, was employed, engaged, and procured and agreed to prepare for the use and benefit of the plaintiff" an abstract to the lands of Margaret Davis, "and thereafter defendant prepared and delivered, and plaintiff received, what purported to be such an abstract," etc.

Count 8 alleges that in July, 1924, defendant was engaged in the business of preparing and certifying abstracts of title to real estate situate in Blount county; that in said month "plaintiff agreed to purchase of one Margaret Davis, and said Davis agreed to sell, a parcel of real estate, * * * claimed to be owned by said Davis in fee simple, and without incumbrance thereon; that thereupon defendant, for a reward, was employed, engaged, and procured to prepare for the use and benefit of the plaintiff, and defendant agreed to furnish, a full, true, and correct and complete abstract of title to said land, and plaintiff received from it an abstract of title to and for said real property, and defendant delivered the same on, to wit, the 30th day of July, 1924." And plaintiff avers that it became and was the defendant's duty to furnish to and for the use and benefit of plaintiff a full, true, and correct and complete abstract of the title and proceedings affecting the title to said real estate, and it became and was defendant's duty to exercise due and reasonable care, skill, and diligence in the preparation of the said abstract of title; that, relying upon said agreement and the accuracy and truth of the statements, representations, and certificate in and to said abstract contained, plaintiff purchased said real estate from said Davis on August 1, 1924, and she delivered to plaintiff her warranty deed on said day, warranting the title to be free from incumbrance, etc.; that said abstract purported to be a correct and complete abstract and exhibit of every instrument, etc., of record affecting the title, and that defendant had examined the records in the probate office of said county, and that there were no pending suits or liens shown against said property, nor defects in said title, either of record or otherwise, not shown therein, of which defendant had knowledge; that at the time of the delivery of and certification by defendant to said abstract there was of record in the office of the judge of probate, and has been since the filing thereof, on August 29, 1919, a lis pendens notice by one Ann Harris and others, of the filing and pendency of a bill of complaint against Margaret Davis and others in the circuit court of Jefferson county, in equity, affecting the validity of the title to said land in Margaret Davis and others; that in said pending cause a decree was rendered directing the register to sell said real estate; that thereunder, October 20, 1925, the same was sold and purchased by another for the sum of $2,504.42, and the title to said real estate was divested out of said Margaret Davis and plaintiff—which said lis pendens notice was not shown by said abstract. And plaintiff avers that defendant negligently failed to furnish to and for the use and benefit of plaintiff, as aforesaid, a full, true, correct, and complete abstract of the title to said land, and to exercise due and reasonable care, skill, and diligence in the preparation of said abstract of title; that, on account of such negligent failure, etc., plaintiff accepted said deed from said Davis, and paid for said property; that the title to same has been divested out of said Davis and plaintiff, and plaintiff has lost the fruits of said purchase, all because of and as the proximate result of the said negligence of the defendant, etc.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

William Vaughan and Ray J. Emmerson, both of Birmingham, and J. T. Johnson, of Oneonta, for appellant.

A right of action accrued to the plaintiff as against the abstract company for damages resulting from incorrect abstract. 1 C. J. 369, 370; Dickle v. Abstract Co., 89 Tenn. 431, 14 S. W. 896, 24 Am. St. Rep. 616; Anderson v. Spriestersbach, 69 Wash. 393, 123 P. 166, 42 L. R. A. (N. S.) 176; Hershiser v. Ward, 29 Nev. 228, 87 P. 171; Gilman v. Hovey, 26 Mo. 280; Goldberg v. Sisseton L. & T. Co., 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775; Brown v. Sims, 22 Ind. App. 317, 53 N. E. 779, 72 Am. St. Rep. 308; Wacek v. Frink, 51 Minn. 282, 53 N. W. 633, 38 Am. St. Rep. 502.

Nash & Fendley, of Oneonta, for appellee.

The warranty in an abstract runs only to the person employing the abstracter, unless said person was acting for a third person, and in such event the third person is bound by the terms of the employment of the abstracter, and notice to the person employing is notice to said third person. Abstract & Title Guaranty Co. v. Kigin, 21 Ala. App. 397, 108 So. 626.

BROWN, J. [1] The weight of authority sustains the rule that one engaged in the business or calling of making abstracts of title to real estate for hire, under employment of a vendor, is not liable, because of negligence in the preparation of the abstract, to the vendee, in the absence of notice or knowledge that the abstract is to be furnished to, and used by, the vendee in consummating the sale of the property. National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621; 1 C. J. 369, § 12; 1 R. C. L. 94, § 7.

And some courts hold that the application of the rule is not affected by knowledge on the part of the abstracter that the abstract is for the use by the vendee. Zweigardt v. Birdseye, 57 Mo. App. 462.

[2] But we are of opinion that sound reasoning and the weight of modern authority sustain the rule of liability for negligence resulting in injury to the vendee, where the vendor is under duty, or assumes the obligation, to furnish such abstract for the use of the vendee, and the person making the abstract on the vendor's order has knowledge or notice that the abstract is for such use, this on the ground that in such circumstances the engagement of the abstracter by the vendor is a contract made for the benefit of the vendee, and under such engagement the abstracter owes the vendee, who is to use and rely on the abstract, the duty of using reasonable care and skill in examining the records affecting the title and making the abstract. 1 R. C. L. 94, § 7; Economy B. & L. Ass'n v. West New Jersey Title Guarantee Co., 64 N. J. Law, 27, 44 A. 854; Denton v. Nashville Title Co., 112 Tenn. 320, 79 S. W. 799; Anderson v. Spriestersbach, 69 Wash.

393, 125 P. 166, 42 L. R. A. (N. S.) 176; Murphy v. Fidelity Abstract & Title Co., 114 Wash. 77, 194 P. 591; Brown v. Sims, 22 Ind. App. 317, 53 N. E. 779, 72 Am. St. Rep. 308; Western Loan & Sav. Co. v. Silver Bow Abstract Co., 31 Mont. 448, 78 P. 774, 107 Am. St. Rep. 435; Lawall v. Groman, 180 Pa. 532, 37 A. 98, 57 Am. St. Rep. 662, 2 Am. Neg. Rep. 69.

In the case of Glanzer v. Shepard, 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425, the Court of Appeals of New York, in a very able opinion treating a kindred question involving the liability of a person engaged in the business of weighing commodities—in that case beans, —on the engagement of the seller for the use of the purchaser, observed:

"We think the law imposes a duty toward buyer as well as seller in the situation here disclosed. The plaintiffs' use of the certificates was not an indirect or collateral consequence of the action of the weighers. It was a consequence which, to the weighers' knowledge, was the end and aim of the transaction. Bech, Van Siclen & Co. ordered, but Glanzer Bros. were to use. The defendants held themselves out to the public as skilled and careful in their calling. They knew that the beans had been sold, and that on the faith of their certificate payment would be made. They sent a copy to the plaintiffs for the very purpose of inducing action. All this they admit. In such circumstances, assumption of the task of weighing was the assumption of a duty to weigh carefully for the benefit of all whose conduct was to be governed. We do not need to state the duty in terms of contract or of privity. Growing out of a contract, it has none the less an origin not exclusively contractual. Given the contract and the relation, the duty is imposed by law. * * * There is nothing new here in principle. If there is novelty, it is in the instance only. One who follows a common calling may come under a duty to another whom he serves, though a third may give the order or make the payment. * * * 'It is the duty of every artificer to exercise his art rightly and truly as he ought.' * * * The surgeon who unskillfully sets the wounded arm of a child is liable for his negligence, though the father pays the bill. * * * The bailee who is careless in the keeping of the goods which he receives as those of A does not escape liability though the deposit may have been made by B. It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all. * * * The most common examples of such a duty are cases where action is directed toward the person of another or his property. * * * A like principle applies, however, where action is directed toward the governance of conduct. The controlling circumstance is not the character of the consequence, but its proximity or remoteness in the thought and purpose of the actor. There are decisions that a lawyer who supplies a certificate of title to a client is not answerable to a third person *whom he did not mean to serve.* National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621. * * * No such immunity, it has been held, protects the searcher of a title who, preparing an abstract at the or-

der of a client, delivers it to another to induce action on the faith of it."

[3, 4] And it was not of consequence that the abstract of title is not delivered to the vendee directly, but is delivered to the vendor for his use, with knowledge or notice on the part of the abstracter that the vendee will use and rely on the abstract in consummating the sale. However, the abstracter of titles is not a guarantor, unless he expressly so undertakes, and, if liability exists, in the absence of express guaranty, it must be grounded on negligence. Pinkston v. Arrington & Graham, 98 Ala. 489, 13 So. 561; 1 R. C. L. pp. 92, 93, §§ 4 and 5; Wacek v. Frink, 51 Minn. 282, 53 N. W. 633, 38 Am. St. Rep. 502; Walker v. Bowman, 27 Okl. 172, 111 P. 319, 30 L. R. A. (N. S.) 642, Ann. Cas. 1912B, 839.

[5] The rule of liability arising from contract made for the benefit of a third person does not go to the extent of giving to a third party, whose interest in the contract is merely indirect or incidental, but only to those whose interest is direct, and out of which an immediate duty arises, though the benefit may be postponed to the happening of a definite contingency, and to sustain liability there must be "a debt or duty owing by the promisee to the" third "party claiming the right to sue." Lovejoy v. Bessemer Waterworks Co., 146 Ala. 374, 41 So. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068; Meyerson v. New Idea Hosiery Co., ante, p. 153, 115 So. 94.

The proof in this case clearly fails to sustain the counts of the complaint declaring on a contract between the plaintiff and defendant, and renders innocuous errors committed, if such intervened, in the ruling of the court on the demurrers to the first and second counts of the complaint. Going v. Ala. Steel & Wire Co., 141 Ala. 537, 37 So. 784.

[6] The fault in plaintiff's case as presented by the other counts—the seventh and eighth—is that plaintiff's loss occurred through the failure of the title of Margaret Davis, and the seventh count declares on a breach of a contract made between the defendant and Margaret Davis, and there is an absence of evidence showing, or tending to show, that Margaret Davis was under any duty or obligation to furnish such abstract, or that she had any part in the procurement of such abstract, or that B. L. Davis acted for her as her agent in ordering the abstract. For all that appears, the only interest B. L. Davis had in the transaction was to procure an abstract of title to the lands which he owned and conveyed, and he had no interest in the Margaret Davis tract. In these circumstances, viewed in the light of the principles stated above, it cannot be said that the defendant owed the plaintiff a duty in respect to investigation of the title of the Margaret Davis tract. This view justifies the trial court in directing a verdict for the defendant.

In reaching this conclusion, we have not overlooked the testimony of the witness Kyser that he was acting for both of the Davises, but his testimony shows that he had nothing to do with ordering the abstract, and there is nothing in his testimony to indicate that the defendant had any notice that he was acting for Margaret Davis.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.