WILLIAM WAKEFIELD *vs.* GEORGE W. CHOWEN and another.

March 1, 1880.

26 379
51 284

**Abstract of Title—Failure to Note Unsatisfied Judgment.**—An agreement to make and furnish a correct record abstract of title to certain lands, from and after a specified date, creates no obligation to note upon the abstract an unsatisfied judgment against one of the grantees of the title, which only appears of record prior to that date, though the same becomes a lien upon the premises after that time.

Action against defendants, as partners, engaged in the business of furnishing abstracts of title to real estate, for alleged breach of a contract to furnish plaintiff with a correct abstract of title to certain land in Minneapolis. A demurrer to the complaint was sustained by the district court for Hennepin county, *Young,* J., presiding, and the plaintiff appealed.

*Rea, Hooker & Woolley,* for appellant.

*Woods & Babcock,* for respondents.

CORNELL, J. Upon the allegations of the complaint, the defendants, by the contract of employment between them and plaintiff, undertook to make and furnish a correct abstract of title to the lands in question, from October 1, 1872, to November 24, 1877, as the same appeared of record in Hennepin county. The fair and reasonable import of the undertaking was to obligate them to make a full and true search and examination of the records relating to the title during that period, and to note upon the abstract every transfer, conveyance and other matter, in any way affecting the title, actually made and entered of record between those dates. It imposed upon them no duty or obligation to inquire into the existence of any judgments entered or conveyances recorded prior to October 1, 1872. They were not required to ascertain or certify as to any lien arising under any such prior judgment, though the same may have first attached and become operative after that time, by reason of the fact that the judgment debtor then first acquired title to the premises; nor were they

bound to inquire or state whether the title vested in any grantee during the period covered by the contract was affected by any prior conveyance, or any estoppel growing out of any covenants therein.

That this was the understanding of the parties at the time the agreement was made is evident from the abstract which was furnished, and which plaintiff accepted and paid for without objection. That recites and shows upon its face that it is only an abstract of title to the lands since October 1, 1872. The certificate endorsed thereon says: "The within statement from No. 1 to 9, inclusive, is a correct abstract of title to land described therein, as appears of record in Hennepin county, including taxes and judgments." Entry No. 9, therein, is simply: "No judgments." This, taken in connection with the rest of the abstract, clearly means that there are no judgments entered of record since October 1, 1872, which in any way affect the title or create any lien upon the premises. There is nothing upon the abstract, or in any of its entries or statements, indicating any intention to certify that there were no prior unsatisfied judgments against any of the grantees therein named, and that no liens had accrued thereunder against the premises, during the period it purported to embrace.

For these reasons the demurrer to the complaint was rightly sustained, as the only breach or omission complained of is a failure of defendants to note in their abstract an unpaid and unsatisfied judgment rendered and docketed in June, 1870, against one Apgar, who acquired title to the premises in October, 1874.

Order affirmed.