MARY WACEK *vs.* FREDERICK W. FRINK.

Submitted on briefs Nov. 10, 1892.    Decided Nov. 17, 1892.

**Negligence in Making Abstract of Title—Duty to Examine Record.**
   A register of deeds, in making a reference, on the margin of the record of a mortgage, to a partial release, erroneously described it as a full satisfaction.    The defendant, in preparing an abstract of title of the land for plaintiff, relied on this reference, and, without examining the record of the instrument, described it in the abstract as a satisfaction of the mortgage.    *Held,* that he was guilty of negligence in not examining the record itself, and that the court should have so instructed the jury.

Appeal by plaintiff, Mary Wacek, from an order of the District Court of Rice County, *Buckham,* J., made May 2, 1892, refusing a new trial.

This action was brought by the plaintiff against the defendant Frederick W. Frink, to recover the sum of $746.18 as damages sustained by her by reason of an incorrect abstract of title furnished her by defendant.    The facts are stated in the opinion.    The court submitted the case to the jury on the question of defendant's negligence, and the jury found a verdict in favor of the defendant.    From an order denying her motion for a new trial, plaintiff appeals.

*M. H. Keeley,* and *Southworth & Coller,* for appellant.

It was negligence in defendant to rely on the marginal entry.    He should have consulted the record itself.    The contract and duty of an abstractor is to furnish a correct abstract of title as it appears on the records.    He must be thorough and complete in his searches. *Wakefield* v. *Chowen,* 26 Minn. 379; *Dickle* v. *Abstract Co.,* 89 Tenn. 431.    Defendant did not perform his contract, and showed no sufficient excuse for his failure.

*G. W. Batchelder,* for respondent.

The court correctly stated to the jury the rule as to the care required of defendant in the performance of his duties.    Martindale, Abst. Title,

§ 181; *Chase* v. *Heaney,* 70 Ill. 268; Story, Bail. § 431; *Rankin* v. *Schaeffer,* 4 Mo. App. 108. The question of negligence was properly left to the jury. Chitty, Cont. § 556; Martindale, Abst. Title, § 183. It was not negligence *per se* to rely on the marginal record made by the Register of Deeds.

MITCHELL, J. The plaintiff employed the defendant, who was engaged in that business, to prepare and furnish her an abstract of title, as the same appeared of record, of eighty acres of land. In pursuance of this contract, defendant furnished plaintiff what he certified to be a true and correct abstract of the title of the land "as the same appears on the original records of the register's office, which has been carefully reviewed and compared to date." This abstract, which purported to be a short summary or index of all the instruments of record affecting the title, giving the names of the parties, the character of the instrument, etc., showed that the then owner of the land had executed a mortgage upon it and other lands for $1,100, and that the mortgagee had assigned it to one West, who subsequently assigned it to one Berry. But the abstract also stated that a *"satisfaction"* of this mortgage executed by Berry was of record, giving the date and place of record. Relying upon this abstract, the plaintiff purchased and paid for the land. It was subsequently discovered, however, that the mortgage on this land had never in fact been satisfied or released; that the instrument which was described in the abstract as a satisfaction was merely a release of the other lands, but retained the lien of the mortgage on the land purchased by plaintiff. As a consequence, plaintiff has been compelled to pay the mortgage, and, her grantor being insolvent, she sues the defendant for damages.

The explanation and excuse which defendant makes is that, when the partial release was recorded, the register of deeds, in his reference to it on the margin of the record of the mortgage, erroneously made the entry, "Satisfied," (with a reference to the book and page where recorded,) when in fact it should have been "Partially satisfied," or "Partially discharged," and that in making up the abstract

he relied upon this marginal entry, supposing it to be correct, and did not examine the contents of the instrument of release itself.

Upon this state of the evidence the court left it to the jury to say whether or not the defendant was guilty of negligence. In this, we think, the court erred.

The court correctly stated the rule of law to be that, in furnishing this certificate of title as the same appeared of record, the defendant did not become a guarantor of the title, but was only liable for the consequences of his want of proper care or skill in the preparation of the abstract. But we think the learned judge made a wrong application of the rule to the facts of this case. The fair and reasonable import of defendant's undertaking was to obligate him to make a full and true search and examination of the records relating to the title of the land, and to note upon the abstract accurately every transfer, conveyance, or other instrument of record in any way affecting the title. *Wakefield* v. *Chowen*, 26 Minn. 379, (4 N. W. Rep. 618.) This was what he certified he had done. He was not required to give any opinion as to the legal effect of any of the instruments, and just how full or minute a description of them he should give was, perhaps, to a certain extent, a matter for himself to decide; but, in so far as he assumed to describe them, certainly due care and skill required that such description should be accurate. The record, and not a marginal reference to it by the register, (which is required merely for convenience in making searches,) is what determines the character and legal effect of an instrument; and the duty of an examiner of titles is not fulfilled by merely assuming the accuracy of such a reference, without examining the instrument itself.

Any other rule would render abstracts of title so unreliable as to be of little value. Instead of leaving the question to the jury, the court ought to have instructed them that in failing to examine the record of the instrument itself the defendant was guilty of negligence.

In conclusion we may add that the former action was no bar, and the evidence relating to it ought not to have been admitted. Upon the question whether plaintiff had paid the mortgage we think there was, under the evidence, nothing to be submitted to the jury. Part

of it had been paid in money, and when plaintiff sold the land the purchaser, in part payment of the purchase money, gave his note, secured by a new mortgage, in place of the one given by plaintiff's grantor. This amounted to payment by plaintiff.

Order reversed, and new trial ordered.

(Opinion published 53 N. W. Rep. 633.)

