HERWARD CROOK, APPELLEE, v. WILLIAM B. CHILVERS, APPELLANT.

FILED APRIL 15, 1916.     No. 18287.

1. Abstracts of Title: DEED RECORDS: EXAMINATION: DUTY OF ABSTRACTERS. The provisions in section 5623, Rev. St. 1913, which require the register of deeds to keep general grantor and grantee

indexes of deeds and mortgages, and the provisions in section 5629, which make it the duty of the register of deeds, on receiving any conveyance or instrument affecting realty, to cause such conveyance or instrument to be entered upon a numerical index immediately after filing the same, are intended as checks, one upon the others, to insure accuracy in ascertaining the state of the records as to titles to. real estate, and an abstracter is not justified in relying solely upon any one to the exclusion of the others.

2. ———: DUTY OF ABSTRACTER: LIABILITY. Ordinary care and diligence on the part of an abstracter, in performing the work for which he has been employed, require him to avail himself of every facility at hand in order to furnish his client an accurate and complete abstract of the records. For a failure so to do he will be liable personally and upon his bond.

3. ———: ———: ———. Any person engaged in the business of compiling abstracts of title to real estate in this state, who furnishes an abstract to one by whom he is employed for that purpose, is chargeable with knowledge of the use to which such abstract will in all probability be devoted, and he thereby becomes liable under section 6277, Rev. St. 1913, for all damages sustained by reason of any defect in such abstract, not only to the party who employed him to make it, but also to all persons who may deal with such party in reliance upon the abstract so furnished.

4. ———: ———: LIMITED EMPLOYMENT: CERTIFICATE. When an abstracter relies upon the numerical index alone to refer him to all entries upon the records affecting the title to the property which he is examining, he does so at his peril, unless the one employing him agrees that in the making of such abstract he may rely upon said index alone for such information; and in such case his certificate to the abstract must clearly and unequivocally show his limited employment and investigation by reciting that such was the method pursued by him in making the abstract.

APPEAL from the district court for Pierce County: ANSON A. WELCH, JUDGE. *Affirmed.*

*O. J. Frost,* and *M. H. Leamy,* for appellant.

*Fred H. Free, contra.*

FAWCETT, J.

About April 1, 1910, plaintiff entered into a contract for the exchange of certain real estate which he owned in Rock county, with one Van Norman, for 80 acres of land which

Van Norman owned in Pierce county. Each party was to furnish the other with an abstract of title to the land which he was to convey. When they met to complete the exchange, plaintiff presented to Van Norman a deed to the Rock county land, together with an abstract, to which was attached the certificate of an attorney certifying that it showed good title in plaintiff. Van Norman presented his deed to the Pierce county land, but, not having an abstract, he delivered the deed to plaintiff with the arrangement that plaintiff should hold all the papers until he (Van Norman) furnished his abstract. Van Norman testified: "I was to furnish a perfect abstract." Again he testified: "Well, we made the deal, and papers were to be left in the bank until I had the abstract completed and brought down to date, and I had an abstract completed from Mr. Chilvers (defendant), and the deeds to the Rock county land were held in the bank until I should produce the abstract for this land in Pierce county." This abstract was delivered by Van Norman, about a month later, to the bank at which the papers had been left. Plaintiff testified that he then examined the abstract, was satisfied with the title which it showed, and that he relied upon it in finally consummating the deal. It subsequently transpired that there was a prior mortgage for $400 upon the land, which the abstract did not show. The mortgagee subsequently foreclosed the mortgage, and after the foreclosure suit had proceeded to decree plaintiff, in order to protect his grantee to whom he had sold the property with full covenants of warranty, paid off the mortgage. He thereupon instituted the present action against defendant, who was the maker of the abstract, to recover the amount which he had been compelled to pay to satisfy the mortgage referred to. At the conclusion of the trial the court directed a verdict in favor of the plaintiff, upon which judgment was entered, and defendant appeals.

The fourth assignment alleges error in directing a verdict for plaintiff. The points argued in the brief may all be considered under this assignment.

Crook v. Chilvers.

A record of the county clerk, who, at the time the $400 mortgage was recorded, was the custodian of the records of deeds and mortgages, shows that when the mortgage had been recorded it was delivered to Mr. Chilvers, the defendant in this action, who receipted upon the record therefor. The execution of this receipt by defendant is admitted. It appears therefore that at the time the mortgage was recorded defendant had full knowledge of the fact, and he should not be permitted to subsequently deny such knowledge. The evidence shows that at the time the abstract was prepared by defendant the mortgage had been spread upon the records and had been duly entered in both the grantor and grantee general indexes, but it was not shown on the numerical index, and the important question which we are called upon to decide is: Is an abstracter liable for a failure to show in his abstract the existence of a mortgage in such a case, or, to state it another way, may he implicitly rely upon the numerical index and examine only such instruments as are shown thereon, or is he bound to furnish an accurate and complete abstract of the records? Section 5623, Rev. St. 1913, requires the register of deeds to keep a grantor and grantee index of deeds in his office, and gives the form of such indexes. Section 5624 provides that the entries in such index shall be doubled, one showing the names of the grantors arranged alphabetically, and the other those of the grantees in like order; and that, where there are two or more grantors having different surnames, there must be as many distinct entries among the grantors as there are names, and that they shall be alphabetically arranged in regard to each of such names, and that the same rule shall be applied in the case of several grantees. Section 5628 requires the register to keep a numerical index as nearly as practicable in the form set out. Section 5629 provides that it shall be the duty of the register of deeds, on receiving any conveyance or instrument affecting realty, including mechanics' liens, to cause

such conveyance, instrument or mechanics' lien to be entered upon the numerical index immediately after filing the same. The statute is just as imperative as to keeping the general indexes as it is in relation to the numerical index. We find nothing in the statute which would justify an abstracter in relying upon the latter any more than upon the former. The purpose of the statute unquestionably is to require the keeping of the general index and the numerical index in order to guard against such a blunder as was made in the case at bar. We think, therefore, it is clear that, even if an abstracter is not required to go through the record books themselves, for the purpose of determining the condition of the title to real estate, of which he is making an abstract (a point which we do not decide), he cannot shield himself from liability by relying upon one only of the indexes referred to. Ordinary care and diligence in performing the work for which he has been employed require him to avail himself of every facility at hand, in order to furnish his client that which he knows his client has employed him to furnish, viz., an accurate and complete abstract of the records. He certainly should not be permitted to escape liability when on the abstract he furnishes he certifies, as defendant did in this case, that the abstract "is a full and complete abstract of all instruments on record or on file in the office of the Register of Deeds of said county, that in any way affect the said lands; that the same are properly executed, and properly indexed; * * * and that I have compiled the within abstract from the records of said county, and not from the indexes." The abstract which defendant furnished was not such an abstract as this certificate certified it to be.

Section 6277, Rev. St. 1913, provides: "It shall be unlawful for any person * * * to engage in the business of compiling abstracts of title to real estate in the state of Nebraska, * * * without first filing in the office of the county judge, in the county in which any such business is conducted, a bond to the state of Ne-

braska in the penal sum of ten thousand dollars, executed
by any surety company authorized to do business in this
state as surety, or with not less than three sureties resi-
dents of the county to be approved by such county judge,
conditioned for the payment by such abstracters of any
and all damages that may accrue to any party or parties
by reason of any error, deficiency or mistake in any ab-
stract or certificate of title made and issued by such per-
son."

Defendant had given the required bond, and at the
time of making the abstract was engaged in his business
as a bonded abstracter, under the provisions of the sec-
tion quoted. The abstract which he furnished was incor-
rect in failing to show the mortgage above referred to.
When he furnished Van Norman the abstract, he was
bound to know the use to which the abstract would in all
probability be applied. He thereby became liable for all
damages which might be sustained by reason of any de-
fect in his abstract, not only to the one who employed him
to make it, but also to the parties who might deal with
such party in reliance upon the abstract so furnished;
and no custom on the part of defendant himself, or other
abstracters, could be shown to relieve him from the obli-
gations imposed upon him by the statute. We therefore
hold that, when an abstracter relies upon the numerical
index alone to refer him to all entries upon the records
affecting the title to the property which he is examining,
he does so at his peril, unless the one employing him
agrees that in the making of such abstract he may rely
upon said index alone for such information; and in such
case his certificate to the abstract must clearly and une-
quivocally show that that was the method pursued by him
in making the abstract, so as to advise all parties to whom
it may be presented of his limited employment and in-
vestigation. He cannot in such a case certify that he
compiled the abstract "from the records of said county,
and not from the indexes," and then seek to destroy the

force of that certificate by testimony of a witness that that language means "that I have not simply taken the information on the numerical index and put that information into my abstract as my complete report, but that from the information there indexed I have gone to the records of the instruments and compiled my abstract from the record itself," as was attempted to be done in this case. The trial court did not err in refusing to receive such testimony. Such a construction by abstracters, if sustained, would render the keeping of general indexes by registers of deeds a mere waste of time and a needless expense.

It is argued that, inasmuch as the mortgage was not shown on the numerical index, it was not properly recorded; that, when plaintiff took his deed without actual knowledge of the existence of the mortgage, he took it as an innocent purchaser, and therefore had a perfect defense to the foreclosure suit; and, not having interposed that defense, he cannot now recover from the defendant. This means that, if a deed or mortgage is not entered on the numerical index, it is not properly recorded, and hence is void as against subsequent purchasers without notice, even though it be in fact spread upon the record and properly entered in the general indexes. This contention is clearly met in *Lincoln Building & Saving Ass'n v. Hass,* 10 Neb. 581, where we held: "A mistake of the county clerk in entering a discription of mortgaged premises on the numerical index, the mortgage being in all other particulars properly recorded and indexed, will not vitiate the record as to subsequent purchasers."

If the contention of defendant in this case is sound, then one who files a deed or a mortgage for record is bound at his peril to stand by and see that the deed is properly recorded and indexed. This contention is met in *Deming v. Miles,* 35 Neb. 739, as follows: "Where a party files a deed properly executed and acknowledged for record with the proper officer, he is not bound to see that the officer performs his duty by actually recording it, nor

is he responsible to other parties for the officer's neglect of his duty. The proper filing of such deed for record operates as constructive notice to all subsequent purchasers and mortgagees, although the officer may fail to comply with the requirements of the statute with respect to the recording of the instrument."

"A purchaser of real estate who takes his deed to the office of the register of deeds and deposits it with him for record, and pays the fees for recording and entering the same on the numerical index, discharges thereby his duty of notice to the public; and if, through the fault alone of the register, the deed is lost or mislaid, and not entered of record or entered on the index, such failure will not work to the prejudice of the title of such purchaser, even in favor of a subsequent purchaser without actual notice." *Perkins v. Strong,* 22 Neb. 725.

That the wording of the certificate is important is shown in *Thomas v. Carson,* 46 Neb. 765, which is cited by defendant to the point that the liability of an abstracter is contractual, and there was no privity of contract between plaintiff and defendant. We do not understand the opinion sustains the point under which it is cited. It is, however, a strong authority against defendant's contention upon the effect to be given to the wording of the certificate of the abstracter. The abstracter was held not liable in that case. Let us see why. In his certificate he certified: "I have carefully examined the records and files of the county clerk's office, office of the clerk of the district court, and treasurer's office, all of the county of Adams and state of Nebraska, and that the foregoing abstract is true in all respects." He further certified that there were no deeds, mortgages (and numerous other kinds of instruments named), or any liens of mechanics or for taxes upon the premises described in the heading of the abstract or any part thereof "upon or in the records of either of the said three offices, to wit, county clerk's office, office of the clerk of the district court, and treasurer's office, all of the county of Adams, except as herein-

before set out." On the back of his abstract there was printed a blank certificate in the usual form, in which it was recited that the abstract "is a full and complete abstract of all conveyances upon record affecting the property therein described." Carson, the abstracter, did not fill out and sign that blank, but prepared a special certificate as above shown. The court in the opinion (p. 769) say: "Carson, for reasons not disclosed by the record, instead of using the blank above mentioned, which included all conveyances affecting said property, executed and attached to the abstract a certificate in the following form (setting out the special certificate from which we have above quoted)." The opinion shows that for more than a year prior to the time the abstract was prepared the county clerk had ceased to be the custodian of the public records, that the office of register of deeds was at that time in existence in Adams county, and that the register of deeds had by law been made the custodian of all records of deeds, mortgages, etc. Had the certificate attached to the abstract in the case at bar, or one like that printed upon the back of the abstract in *Thomas v. Carson*, been used instead of the special certificate, it is very clear that the abstracter would not have been released from liability.

We have carefully examined every case from this court cited by defendant, and not one of them would have justified the trial court, under the undisputed evidence before us, in entering any different judgment than the one that was entered.

AFFIRMED.

Rose, J., dissents.