(577 P.2d 827)

No. 49,146

CARNATION COMPANY, a Corporation, *Appellee,* v. MIDSTATES MARKETERS, INC., a Corporation, *Defendant,* and EDWARD B. DETRIXHE, *Appellant.*

Opinion filed April 28, 1978.

*John C. Laman* of Stanford & Laman, of Concordia, for the appellant.

*Wendell F. Cowan, Jr.* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from an order which allowed the plaintiff-appellee Carnation Company to levy execution on real property owned by intervenor-appellant Edward Detrixhe, based upon a judgment lien. The defendant in the original action, Midstates Marketers, Inc., is not a party to the appeal.

The facts are that Carnation filed a petition on August 10, 1973, against Midstates Marketers, Inc., for $11,500, said sum being the balance due on an open account. Carnation was granted default judgment for said amount on September 20, 1973.

Midstates Marketers, Inc., also had other creditors, one of which was the Small Business Administration. That particular obligation was secured by a first mortgage on the real property

which is the subject of this action. Shortly after Midstates Marketers was sued by Carnation and before judgment was entered, Midstates conveyed the realty by warranty deed dated August 31, 1973, to the Small Business Administration. The warranty deed was filed of record on September 17, 1973.

Default judgment in the case of Carnation v. Midstates was granted September 20, 1973, and the journal entry of judgment was entered and filed of record in the clerk of the district court's office on the same date. The clerk entered judgment in the judgment docket. However, the entry, though correct by name of parties and month and day of judgment, was improperly dated as to year. The date entered was 1974 rather than the correct date of 1973. In July of 1975, S.B.A. quitclaimed its interest in the property to the appellant, and said deed was recorded July 29, 1975. In March of 1977, Carnation instituted proceedings to satisfy its judgment lien on the real estate. The appellant filed a motion to stay execution, which was denied upon the court's determination that the judgment lien was valid and execution on the subject property was proper. He appealed, alleging that the defect or error in recording in the judgment docket defeated the effective attachment of the judgment lien to the subject property and that such defective entry in the judgment docket did not impart notice of judgment lien to a bona fide third party purchaser.

The judgment lien here involved exists by virtue of statutory law and the exact nature of said lien must be decided by an interpretation of K.S.A. 60-2202 (Corrick):

"Judgments of courts of record of this state, and of courts of the United States rendered within this state, shall be liens on the real estate of the debtor within the county in which the judgment is rendered. The lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four (4) months prior to the entry of the judgment. . . ."

The cases cited by defendant are from foreign jurisdictions which generally state that clerical errors in recording a judgment debtor's name destroy the notice to third parties. *Venetsky v. West Essex Bldg. Supply Co.,* 28 N.J. Super. 178, 100 A.2d 291 (1953); *Trust Co. v. Currie,* 190 N.C. 260, 129 S.E. 605 (1925); and *Holman v. Miller,* 103 N.C. 118, 9 S.E. 429 (1889).

K.S.A. 60-258(*b*) (Corrick), which governs the decision in this case, defined entry of judgment, and provided that a judgment

could be entered of record by notation by the clerk on the appearance docket of the judgment entered, or by filing with the clerk of the court a journal entry of judgment. The statute states, "Such filing shall constitute the entry of the judgment, and it shall not be effective before such filing."

The two quoted statutes make it obvious that entry of judgment occurred on September 20, 1973, the date that the default judgment was rendered and the journal entry embodying it was filed with the clerk of the district court. Thus, according to K.S.A. 60-2202 (Corrick), the lien attached and became effective from the time that Carnation's petition against Midstates was filed on August 10, 1973. The appellant's argument that the erroneous recording of the date on the judgment docket affects the validity of the lien is therefore without merit.

The appellant's argument that the improper entry on the judgment docket failed to impart notice is likewise without merit. K.S.A. 60-2601 (Corrick) defines the duties of the clerk of the district court as regards maintaining dockets and journals. The statute provides that the clerk shall maintain an appearance docket in which civil actions are listed chronologically and assigned consecutive file numbers. The judgment docket is defined as an index, in which the name of each person against whom judgment is entered is to appear in alphabetical order. The entry on the judgment docket is to include the following information: the names of the parties, the amount and nature of the judgment and costs, and the date of its rendition. The judgment docket also reflects the file number assigned to the case. For purposes of this appeal, the other pertinent portion of the statute relates to the clerk's duty to keep a file on all papers and documents delivered to him in an action. He is to maintain a separate file folder or envelope labeled with the title of the action wherein the papers and documents are filed.

Under this statutory scheme, it is apparent that the appellant's argument that he had no notice of the lien is without foundation. The entry on the judgment docket is intended to serve as an index which alerts an interested party that judgment has been rendered. Specific and detailed information regarding the action is located in the appearance docket and the court file. A reasonably diligent search of the records available to the appellant would have revealed that judgment was entered on September 20, 1973, for

that was the date reflected in the appearance docket and the court file containing the journal entry of judgment. Furthermore, the fact that the judgment date as entered on the judgment docket was erroneous was obvious. Although the judgment docket is alphabetically arranged, entries on each separate page are listed chronologically. On the page of the judgment docket upon which the entry in question appeared, three other judgments were listed, respectively dated July 26, 1973, October 1, 1973, and December 3, 1973. The September 20, 1974, date appeared after the July date. This alone should have alerted a reasonably diligent searcher of the fact that the 1974 date was erroneous.

We have considered the recent decision of the Supreme Court in *Luthi v. Evans*, 223 Kan. 622, 576 P.2d 1064 (1978), where the court held that an instrument containing a "Mother Hubbard" clause does not create a transfer effective against third parties unless they have actual notice of the transfer. That decision has no application to the case at hand. In fact, it is supportive of our decision, for the court there said.

"We also wish to make it clear that in situations where an instrument of conveyance containing a sufficient description of the property conveyed is duly recorded *but not properly indexed,* the fact that it was not properly indexed by the register of deeds will not prevent constructive notice under the provisions of K.S.A. 58-2222. (See *Gas Co. v. Harris,* 79 Kan. 167, 100 Pac. 72.)" (Emphasis supplied. p. 630.)

The defendant's contention that the subject lien of judgment did not attach is without merit. The statute provisions have been complied with for the recording of said judgment and the correctness thereof is not herein challenged, and upon reasonable care and diligence on the part of the defendant and/or his agent, he could and should have reasonably been placed on notice by the appearance of a judgment docket and entry which on its face was incorrect.

Both arguments of appellant are without merit. The judgment of the trial court is affirmed.