(604 P.2d 281)
No. 50,244

WICHITA GREAT EMPIRE BROADCASTING, INC., A Corporation, *Plaintiff-Appellee,* v. LLOYD L. GINGRICH, FRANCES L. GINGRICH, BANK OF COMMERCE, A Corporation, *Defendants-Appellees,* v. LOCKE ABSTRACT COMPANY, INC., and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *Third-Party Defendants-Appellants.*

Petition for review denied March 14, 1980.

Opinion filed December 28, 1979.

*Garry W. Lassman,* of Wilbert, Lassman, Toburen & Wachter, of Pittsburg, and *Charles F. Forsyth,* of Erie, for appellants.

*Morris D. Hildreth,* of Coffeyville, for appellee Wichita Great Empire Broadcasting, Inc.

*William D. Coombs,* of Balch, Briley & Coombs, of Chanute, for appellees Lloyd L. Gingrich, Frances L. Gingrich, and Bank of Commerce.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This case arose when an abstracter relied only on the judgment docket in the office of the clerk of the district court pertaining to release of a lien on real estate, and it developed the judgment docket was incorrect.

The facts were stipulated to by the parties and are summarized here. On June 7, 1971, appellee Wichita Great Empire Broadcasting, Inc., obtained a judgment against one Bob Wurtz. This judgment became a lien on two pieces of real estate owned by Wurtz in Neosho County. On January 15, 1973, Wurtz conveyed one of these properties to the appellee Bank of Commerce in satisfaction of a mortgage on the property. On March 8, 1974, the bank conveyed the property to appellees Lloyd and Frances Gingrich. As part of this conveyance, the bank had appellant Locke Abstract Company, Inc. (Locke) extend the abstract on the property. St. Paul Fire and Marine Insurance Company posted a bond for and in behalf of Locke. The abstract as extended did not show anything as to the Wichita Great Empire Broadcasting lien. On June 21, 1971, Wichita Great Empire Broadcasting had filed a

release of its judgment against Wurtz's *other* real estate in Neosho County. A deputy clerk of the district court had at that time made a notation in the judgment docket, "Judgment released 6-21-71. mg." The entry in the judgment docket so remained at the time Locke extended the abstract.

The court found Locke to be negligent as a matter of law in relying on the judgment docket entry and entered summary judgment. Locke appeals from the judgment.

Locke's first issue is whether the abstracter was negligent as a matter of law in relying only on the judgment pertaining to release of a lien on real estate

"Under statutory law in Kansas regulating abstracting the abstractor and his sureties are liable on the abstractor's bond for all negligent errors and omissions in an abstract . . . ." *Ford v. Guarantee Abstract & Title Co.,* 220 Kan. 244, 259, 553 P.2d 254 (1976).

The specific question is one of first impression in Kansas. Kansas law would seem to indicate, however, that reliance on a judgment docket is not sufficient to constitute a reasonably diligent search of the records.

In *Carnation Co. v. Midstates Marketers, Inc.,* 2 Kan. App. 2d 236, 577 P.2d 827 (1978), the court faced the issue where it was alleged that an error in recording in the judgment docket defeated the effective attachment of the judgment lien to the property and thus did not impart notice of the judgment lien to a bona fide purchaser. It was therein stated:

"The entry on the judgment docket is intended to serve as an index which alerts an interested party that judgment has been rendered. Specific and detailed information regarding the action is located in the appearance docket and the court file. A reasonably diligent search of the records available to the appellant would have revealed that judgment was entered on September 20, 1973, for that was the date reflected in the appearance docket and the court file containing the journal entry of judgment." 2 Kan. App. 2d at 238-239.

The court followed *Luthi v. Evans,* 223 Kan. 622, 630, 576 P.2d 1064 (1978), wherein it was stated:

"[I]n situations where an instrument of conveyance containing a sufficient description of the property conveyed is duly recorded but not properly indexed, the fact that it was not properly indexed by the register of deeds will not prevent constructive notice under the provisions of K.S.A. 58-2222. [Citations omitted.]"

In other jurisdictions, relying on the index rather than going to the original instrument has been held to be negligence as a matter of law.

In *Wacek v. Frink,* 51 Minn. 282, 283, 53 N. W. 633 (1892), a register of deeds in a reference to a release on the margin of a mortgage, erroneously made the entry, "Satisfied," when it should have been "Partially satisfied," or "Partially discharged." The abstracter relied on the marginal entry and did not examine the contents of the instrument of release. In that case it was held that instead of leaving the question of negligence to the jury, the court should have instructed that failing to examine the record of the instrument itself constituted negligence as a matter of law.

"The record, and not a marginal reference to it by the register, (which is required merely for convenience in making searches,) is what determines the character and legal effect of an instrument; and the duty of an examiner of titles is not fulfilled by merely assuming the accuracy of such a reference, without examining the instrument itself." 51 Minn. at 284.

See also 1 Am. Jur. 2d, Abstracts of Title § 13, p. 239, wherein it was stated:

"Ordinarily, the question whether the abstracter has used reasonable care is to be resolved, as a question of fact, but failure to examine the original records is negligence as a matter of law . . . ."

In *Crook v. Chilvers,* 99 Neb. 684, 157 N. W. 617 (1916), the standard of care was further defined. In that case, the abstracter missed a mortgage because he only looked at the numerical index and the mortgage was shown to be recorded in the grantor/grantee index.

The court stated:

"Ordinary care and diligence in performing the work for which he has been employed require him to avail himself of every facility at hand, in order to furnish his client that which he knows his client has employed him to furnish, viz., an accurate and complete abstract of the records." 99 Neb. at 688.

See also 1 Am. Jur. 2d, Abstracts of Title § 12, p. 237.

Since the standard of care has been established by case law that the abstracter has a duty to examine the original records and cannot reasonably rely on the index, and the stipulated facts indicate that appellant did not go to the original release but relied upon an index, summary judgment was appropriate. No material issues of fact remained to be decided and judgment could be rendered as a matter of law in compliance with K.S.A. 60-256(*c*).

Locke's second issue is whether evidence as to the customary reliance by abstracters on the judgment docket should have been allowed in determining whether the abstracter was reasonably diligent in performance of his duties.

Locke argues at length that evidence as to the customary reliance by abstracters on the judgment docket should have been allowed and that the lack of this evidence precludes summary judgment.

Common usage of a business or occupation may be relevant to prove what constitutes due care or reasonable diligence in the performance of the abstracter's duties. The standard of care has been established by case law. Even if Locke could show that only checking the judgment docket was the common practice, this would not change the conclusion that such action was negligent. "[N]egligence may exist notwithstanding the conduct pursued or the methods adopted were in accordance with those customarily pursued or adopted." *Morrison v. Kansas City Coca-Cola Bottling Co.*, 175 Kan. 212, 221, 263 P.2d 217 (1953), citing 65 C.J.S., Negligence § 16, p. 406 (1950). The *Morrison* case gave extensive discussion to custom and usage as related to negligence:

> "The weight of authority supports the view that since negligence is the failure to do that which an ordinarily prudent man would do, or the doing of that which an ordinarily prudent man would not do, under the same circumstances, an ordinary custom, while relevant and admissible in evidence on the issue of negligence, is not conclusive, especially where the custom is clearly a careless or dangerous one. What usually is done may be evidence of what ought to be done, but in the last analysis, what ought to be done is fixed according to the standard of the ordinarily prudent man, whether it is customary to comply with that standard or not. . . . While, as stated, a custom is not conclusive as a standard of reasonable prudence, there is a reasonable basis for the contention that what is ordinarily done by men generally, engaged in a similar activity, has some relevancy to the inquiry as to what an ordinarily prudent person would do under the same circumstances. . . . The conclusion to be reached upon undisputed evidence which shows that the defendant acted in accordance with the uniform custom of persons engaged in a like business, in the absence of any evidence showing that such custom is negligent, should be that the defendant did not act negligently." 175 Kan. at 220, citing 38 Am. Jur., Negligence § 34, pp. 680-681 (1941).

Further, it was stated in *Walker v. Colgate-Palmolive-Peet Co.*, 157 Kan. 170, 195, 139 P.2d 157 (1943), that while customary usage was sometimes sufficient to relieve liability, it is not the test. "The test is, did defendant use due care? 'The test is reasonable care, not customary usage.' [Citations omitted.]"

Locke argues that the deputy clerk is the one who should bear the responsibility of the negligence, since she was negligent in posting the release. While it is, of course, the duty of the clerk or

deputy clerk to correctly show instruments of record, it is to the abstracter that the attorney looks to for assurance that the abstract before him is a complete record of all activity involving the real estate described in the abstract. He places his assurance that he has a complete record before him on the skills and ability of the abstracter and on the abstracter's bond. There has been a clear showing herein of negligence of the abstracter, and the most that could be said of Locke's argument relative to the responsibility of the deputy clerk might be that she would be liable as a joint tort-feasor. Considering that appellees had a good cause of action versus the abstracter, it is immaterial to a decision in this case whether Locke could, or could not, have brought an action against the deputy district court clerk as well.

In the instant case it is obvious that had the abstracter referred to the release on file he would have noticed it did not relate to the property in question.

Affirmed.