(837 P.2d 842)

No. 67,299

In the Matter of the Guardianship and Conservatorship of
Arza B. Fogle.

Opinion filed August 21, 1992.

*Karl Johnson,* of Kansas Legal Services, of Olathe, and *Lowell C. Paul,* of Kansas Legal Services, of Topeka, for the appellant.

*Joyce Fackler Hendrix,* of Hendrix Law Offices, of Ottawa, for the appellee.

Before LEWIS, P.J., LARSON and GERNON, JJ.

GERNON, J.: In this appeal, Arza B. Fogle challenges the district court's decision to hear and grant a motion to modify a partial guardianship and conservatorship to one which granted full power. Fogle moved to set aside the order granting full power, which the court denied. Fogle appeals.

Fogle's nephew, Frank D. Fogle, filed a petition for the appointment of a guardian and conservator for Fogle on April 30, 1990. The district court, pursuant to K.S.A. 59-3010, issued preliminary orders setting a hearing date, appointing an attorney for Fogle, and ordering Fogle to consult with his attorney. Fogle, Frank Fogle, and the guardian ad litem were each sent notice of the hearing.

A hearing was held on May 9, 1990. An order on this hearing was not issued until January 4, 1991. The court found that Fogle was a disabled person in certain respects and appointed a limited

guardian and limited co-conservators. According to the record, no letters of guardianship or conservatorship were issued.

On March 4, 1991, a motion was filed by the limited guardian, asking the court to modify the order of limited guardianship and conservatorship by granting full powers of guardianship and conservatorship.

The hearing on the March 4 motion was held on March 6, at which the court granted the motion. The order was filed on March 7. No order directing Fogle to appear at the March 6 hearing or requiring him to submit to a mental evaluation was issued by the court. Nor was any other order listed in K.S.A. 59-3010 issued for this hearing.

At the May 9, 1990, hearing, Frank testified and expressed concern about the health, personal hygiene, and food intake of Fogle. He also stated that much of the time Fogle was "capable," and other times he was not. He stated that Fogle had begun receiving Meals on Wheels five days a week and that this had helped significantly. Fogle's physician sent a letter which stated he had noted progressive deterioration in Fogle's mental functions. Fogle was 89 years old at the time of the 1990 hearing.

At the March 6, 1991, hearing, the guardian ad litem for Fogle testified that Fogle was notified of the hearing by his office. When the guardian ad litem arrived to pick Fogle up for the hearing, Fogle informed the guardian ad litem that he was expecting Governor Finney to come to his house and, therefore, he would stay and wait for her. The guardian ad litem then went to the hearing without Fogle.

On July 9, 1991, Fogle filed a petition to set aside the order appointing a guardian and conservator. On July 10, 1991, the guardian and conservator petitioned the court for placement of Fogle in a treatment facility. The court then ordered an evaluation and, at a later hearing held on August 16, 1991, ordered that Fogle be placed in a nursing home. At this hearing, the court found that Fogle's presence at the hearing would be injurious to his health. At the August 29, 1991, hearing, counsel for Fogle argued that the court did not have jurisdiction to hear the motion to modify held on March 16, 1991.

The district court denied the petition to set aside the guardianship and conservatorship. Fogle appeals.

Fogle filed his petition more than 30 days after judgment; therefore, according to K.S.A. 59-2213, he must proceed under K.S.A. 60-260(b)(4) in order to vacate or modify the judgment. K.S.A. 60-260(b)(4) states: "On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."

Here, Fogle contends the judgment is void because the trial court did not follow the procedures set out in K.S.A. 59-3010(a), specifically (2) and (6), which state:

"Upon the filing of the petition provided for in K.S.A. 59-3009 and amendments thereto:

(a) When the proposed ward or proposed conservatee is alleged to be a disabled person, the district court shall issue the following:

. . . .

(2) An order that the proposed ward or proposed conservatee appear at the time and place of the hearing unless the court enters an order that the presence of the proposed ward or proposed conservatee is injurious to the welfare of the proposed ward or proposed conservatee. The court shall enter in the record of the proceedings the facts upon which the court has found that the presence of the proposed ward or proposed conservatee at the hearing would be injurious to such person's welfare. Notwithstanding the foregoing provisions of this subsection, if the proposed ward or proposed conservatee requests in writing to the court or to such person's attorney that such person be present at the hearing then such person's presence cannot be waived.

. . . .

(6) An order for mental evaluation. Such order may be served on the proposed ward or proposed conservatee at the same time or after notice is given. It shall be served in the manner provided for in K.S.A. 59-3012 and acts amendatory thereof. It shall order the proposed ward or proposed conservatee to submit for a mental evaluation and to undergo such evaluation at a general hospital or a psychiatric hospital, an institution within the department of social and rehabilitation services, mental health clinic, private psychiatrist or physician designated by the court in the order."

The question then becomes: Are these procedures mandatory or directory, and, if mandatory, were they followed in this case?

We must recognize at this point the distinction between a void judgment and one which is erroneous. "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or if the court acted in a manner incon-

sistent with due process." *Universal Modular Structures, Inc. v. Forrest,* 11 Kan. App. 2d 298, 300, 720 P.2d 1121 (1986).

The determination of whether a statute is mandatory or directory was analyzed in *Wilcox v. Billings,* 200 Kan. 654, 657-58, 438 P.2d 108 (1968), which states:

"No absolute test exists by which it may be determined whether a statute is directory or mandatory. Each case must stand largely on its own facts, to be determined on an interpretation of the particular language used. Certain rules and aids to construction have been stated. The primary rule is to ascertain legislative intent as revealed by an examination of the whole act. Consideration must be given to the entire statute, its nature, its object, and the consequences which would result from construing it one way or the other. It has been said that whether a statute is directory or mandatory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results. On the other hand, a provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute, which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and prerequisite conditions must exist prior to the exercise of power or must be performed before certain other powers can be exercised, the statute must be regarded as mandatory. [Citation omitted.]"

The essential question is whether failure to comply with the mandatory notice provisions of K.S.A. 59-3010 results in the order issued being void.

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citations omitted.]" *State v. Adee,* 241 Kan. 825, 829, 740 P.2d 611 (1987).

Words used in statutes are to be given their ordinary meaning. *Farmers Co-op v. Kansas Bd. of Tax Appeals,* 236 Kan. 632, 635, 694 P.2d 462 (1985). As used in statutes, the word "shall" is generally imperative or mandatory. Black's Law Dictionary 1375 (6th ed. 1990).

Initially, it must be noted that the section heading for K.S.A. 59-3010 states: "Mandatory preliminary orders; hearing on petition, time limits." "Though the heading or title given an act of the legislature forms no part of the statute itself, [citation omitted], the language . . . cannot be ignored as an aid in determining legislative intent." *Arredondo v. Duckwall Stores, Inc.,* 227 Kan. 842, 846, 610 P.2d 1107 (1980).

Several other statutes must be considered in order to reconcile these statutes and to determine if they can be read in harmony. K.S.A. 1991 Supp. 59-3014(d) states in part:

"If the court, pursuant to K.S.A. 59-3013 and amendments thereto, has made a finding that a disabled person is able to and should be permitted to make some decisions which affect the person, a guardian shall be appointed and 'Letters of Limited Guardianship' shall specify which of the powers and duties of a guardian shall be assigned to the limited guardian. . . . If the court, pursuant to K.S.A. 59-3013 and amendments thereto has made a finding that a disabled person is able to and should be permitted to make some decisions which affect the person's property, a limited conservator shall be appointed and the 'Letters of Limited Conservatorship' shall specify which of the powers and duties of a conservator shall be assigned to the limited conservator."

The Kansas Supreme Court has stated the provisions of K.S.A. 1991 Supp. 59-3009, which dictate what the petitioner must do in applying for the appointment of a guardian or conservator, are jurisdictional. *In re Stremel,* 233 Kan. 136, 141, 660 P.2d 952 (1983). We hold the same can be said for the notice provisions of K.S.A. 59-3010. The failure to comply with that statute deprives the court of jurisdiction over the person of the proposed ward and/or conservatee. Failure to comply, *i.e.,* the failure to give notice and the opportunity to defend, is a deprivation of due process.

K.S.A. 1991 Supp. 59-3018(a) states in part: "In carrying out these duties and powers, the guardian shall assure that personal,

civil and human rights of the ward or minor whom the guardian services are protected."

Given this specific legislative charge, read with the language concerning the narrow scope of "limited" guardianships and conservatorships and adding consideration of the language of K.S.A. 59-3010, *i.e.*, "mandatory," "shall issue," and "presence cannot be waived," it is our conclusion that a court cannot convert a "limited" guardianship or conservatorship to a guardianship or conservatorship with full powers without complying with the provisions of K.S.A. 59-3010.

We find that the provisions of K.S.A. 59-3010 are mandatory. Here, all orders issued subsequent to, and related to, the March 6, 1991, hearing on the motion to convert the limited powers to full powers are void. However, we also find that the actions of the fiduciary since March 6, 1991, were done under the color of authority granted by the district court and, if otherwise in compliance with the statutes, are valid. 59-3010.

To hold otherwise would invite a situation where someone with a temporary or very limited disability might have a "limited" proceeding converted to a more general one without a hearing, evaluation, opportunity to be heard, notice, or representation. Our reading of K.S.A. 1991 Supp. 59-3018, in pari materia, leads us to conclude that the legislature expressed a different intent. We believe the legislature recognized, as we do, that the courts must assure not only that "personal, civil and human rights" are protected, but also that due process rights be recognized and basic human dignity be preserved whenever possible, for as long as possible.

Accordingly, we find the orders which converted the limited guardianship and conservatorship concerning Arza B. Fogle to be void. We remand with directions to the district court to terminate the conservatorship and guardianship and require an accounting.

Reversed and remanded with directions.