(913 P.2d 1225)

No. 73,789

HOLE-IN-ONE, INC., and JOHN E. NASH and MARGARET E. NASH, *Plaintiffs/Appellees*, v. KANSAS INDUSTRIAL LAND CORPORATION and STEPHEN M. SCHNEIDER, *Defendants*, v. MICHAEL S. HUDGEONS and VICKY K. HUDGEONS, *Intervenors/Appellants*.

Opinion filed March 29, 1996.

*Christopher B. Bacon* and *Frederick B. Farmer*, of Lowe, Farmer, Bacon & Roe, of Olathe, for appellants.

*Debra J. Arnett* and *Carl W. Hartley*, of Hartley, Nicholson, Hartley & Arnett, P.A., of Paola, for appellees.

*James G. Butler, Jr.*, and *Tina A. Smith*, of Wallace Saunders, Austin, Brown and Enochs, Chartered, for *amicus curiae* Kansas Land Title Association.

Before ROYSE, P.J., KNUDSON, J., and STEVEN R. BECKER, District Judge, assigned.

ROYSE, J.: Hole-in-One, Inc., and John and Margaret Nash (plaintiffs) brought this action against Kansas Industrial Land Corporation (KILC) and Stephen Schneider to recover on two promissory notes. The district court granted a motion allowing plaintiffs to amend their petition to correct a typographical error. The intervenors, Michael and Vicky Hudgeons, appeal.

This case requires an examination of the statutes requiring that a petition designate the code which governs the action. At stake is the extent of the judgment lien plaintiffs obtained in this case.

On November 3, 1992, plaintiffs filed this action to recover monies owed them by the defendants. Plaintiffs made numerous un-

successful attempts to serve KILC, and the case was dismissed without prejudice. In December 1993 plaintiffs obtained an order reinstating their lawsuit. They later obtained service on KILC, but Stephen Schneider was never served.

The petition filed by plaintiffs contained a request for judgment in the amount of $24,019.04, plus interest and costs, based on the two promissory notes. The petition contained the notation, "PE-TITION PURSUANT TO CHAPTER 61 KANSAS STATUTES ANNOTATED." Despite the notation, subsequent actions taken in the case reflected an assumption that the case was a chapter 60 proceeding. The clerk docketed the case with a chapter 60 case number. The plaintiffs paid a chapter 60 filing fee. The numerous requests for service and summonses filed in the case showed service was to be accomplished under chapter 60.

After KILC was served it sold its only major asset, a parcel of real estate, to the Hudgeons. When the plaintiffs discovered the sale, they asked the district court to restrain KILC from disposing of the sale proceeds. The plaintiffs also issued subpoenas to the Hudgeons and the various title insurers for information concerning the sale. The Hudgeons obtained an order quashing the subpoenas on the grounds they were not parties to the action. Finally, the plaintiffs filed a motion to amend the petition, stating the designation "Chapter 61" was intended to be "Chapter 60."

KILC opposed the plaintiffs' request for a restraining order. It argued on the one hand that injunctive relief was not available if plaintiffs' action was a chapter 61 proceeding. Alternatively, KILC argued plaintiffs were fully protected by the statutory lien on the property under K.S.A. 60-2202(a) if the action was a chapter 60 proceeding.

The district court denied the plaintiffs' request for injunctive relief but granted the motion to amend the petition. The district court found "this case was actually filed as a Chapter 60 action, the plaintiffs intended to file this action pursuant to Chapter 60 and the Court had always viewed this action to be filed pursuant to Chapter 60." The plaintiffs then filed an amended petition which carried the notation "AMENDED PETITION PURSUANT TO

CHAPTER 60 KANSAS STATUTES ANNOTATED." Plaintiffs obtained judgment against KILC on January 19, 1995.

After the district court granted the plaintiffs' motion to amend the petition, the Hudgeons sought and obtained permission to intervene in the action. They asked the district court to reconsider its order allowing plaintiffs to amend the petition. The district court denied the motion for reconsideration, and the intervenors appeal.

The first issue on appeal is whether the district court erred in concluding this action was originally filed as a chapter 60 action. The district court found the designation of "Chapter 61" was a typographical error, plaintiffs intended to proceed under chapter 60, plaintiffs paid a chapter 60 filing fee, the clerk of the district court assigned a chapter 60 case number to the case, chapter 60 summonses were issued, and the case had always been on the district court's chapter 60 civil docket. Intervenors acknowledge in their brief that none of these findings were disputed. They contend, however, that these facts are beside the point, because the designation of chapter 61 on the petition is controlling. This contention is not persuasive.

Intervenors rely on several statutes as support for their contention. K.S.A. 60-207 provides that any petition filed in the district court pursuant to chapter 60 "shall designate" that such petition is filed pursuant to chapter 60. Similarly, K.S.A. 61-1703a(a) provides that a plaintiff desiring to commence an action under the code for limited actions "shall state in the petition by which such action is commenced that the code of civil procedure for limited actions shall govern this action." Both statutes allow the shorthand form "Petition Pursuant To Chapter" to be used on the petition.

Intervenors urge that these two statutes are mandatory, implying that once a designation is made it is unchangeable. Whether a statute containing "shall" is mandatory or directory is a question of legislative intent. Although no single test is controlling, the determination whether a statute is directory or mandatory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form. Accordingly, a statute is directory if it relates to some immaterial matter so that compliance is a matter of convenience rather than substance. If the directions

of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, the statute is generally regarded as directory, unless the directions are followed by words of absolute prohibition. See *In re Guardianship & Conservatorship of Heck*, 22 Kan. App. 2d 135, Syl. ¶ 4, 913 P.2d 213 (1996). A statute may be regarded as directory

"where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results. On the other hand, a provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory. . . ." *Wilcox v. Billings*, 200 Kan. 654, 657, 438 P.2d 108 (1968).

When a fair interpretation of a statute shows that the legislature intended compliance to be essential to the validity of the act, the statute must be regarded as mandatory. *Willcox*, 200 Kan. at 657-58; see *In re Guardianship and Conservatorship of Fogle*, 17 Kan. App. 2d 357, 360, 837 P.2d 842 (1992).

In addition, a statute may be viewed as directory when it is "(1) not accompanied by negative words indicating the specific acts can be done in no other manner; or (2) no consequences of noncompliance are included." *White v. VinZant*, 13 Kan. App. 2d 467, 473-74, 773 P.2d 1169 (1989).

The provisions for designating the applicable chapter on a petition found in 60-207 and 61-1703a were adopted in 1976. L. 1976, ch. 251, § 2; L. 1976, ch. 258, § 3. District court unification necessitated the adoption of some way to distinguish between chapter 60 and chapter 61 cases, since both would be filed with the same clerk. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-207 (1979); 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 61-1703a (1979). Thus, these provisions concern a matter of form designed to facilitate the orderly conduct of the clerk's duties. These statutes do not disclose an intent that a petition lacking the proper designation should be considered void, and no consequences for noncompliance are set forth. Certainly, 60-207 and 61-1703a contain nothing which would preclude correction of a typographical error in the chapter designation.

For these reasons, we conclude the statutes do not preclude a plaintiff from amending a petition to correct a typographical error

in the chapter designation. See also *In re Estate of Shaffer*, 203 Kan. 264, Syl. ¶ 2, 454 P.2d 1 (1969) (petition which lacks verification as required by statute may be remedied by amendment); *Lumber Co. v. Collinson*, 97 Kan. 791, 156 Pac. 724 (1916) (amendment permissible to correct misnomer in pleadings); *Butcher v. Bank of Brownsville*, 2 Kan. 70, 79 (1863) (district court did not err in allowing plaintiff to amend pleading to add word "petition" after title of case, as required by code); *Architectural & Engineered Products Co. v. Whitehead*, 19 Kan. App 2d 378, 869 P.2d 766, *rev. denied* 255 Kan. 1000 (1994) (where pleading lacked signature of Kansas attorney, district court erred in dismissing the case before giving counsel an opportunity to correct defect).

Intervenors and *amicus curiae* Kansas Land Title Association argue that a plaintiff should not be permitted to correct an erroneous chapter designation on a petition. They contend such a rule will create confusion for land purchasers and title examiners. They contend that reversal of the district court decision is necessary so that those who conduct title searches may rely on the chapter designation on the face of the petition. This argument is not persuasive.

In the past, Kansas has imposed a duty of reasonable diligence on purchasers and title examiners. In *Carnation Co. v. Midstates Marketers, Inc.*, 2 Kan. App. 2d 236, 577 P. 2d 827 (1978), the court addressed the effect of a typographical error on a lien under 60-2202. In *Carnation*, the plaintiff obtained a judgment against the defendant on September 20, 1973. The judgment docket, however, incorrectly stated that judgment was entered on September 20, 1974.

In the meantime, the defendant conveyed real property to the Small Business Administration (S.B.A.) by deed dated August 31, 1973, and filed September 17, 1973. The S.B.A. later quitclaimed the property to Edward Detrixhe. When Carnation still later obtained an order to levy execution on the property, Detrixhe appealed. Detrixhe argued that, because of the error in the judgment docket, the judgment lien did not attach and the court records did not impart notice to a bona fide purchaser. In rejecting his arguments, the court said:

"The entry on the judgment docket is intended to serve as an index which alerts an interested party that judgment has been rendered. Specific and detailed information regarding the action is located in the appearance docket and the court file. A reasonably diligent search of the records available to the appellant would have revealed that judgment was entered on September 20, 1973, for that was the date reflected in the appearance docket and the court file containing the journal entry of judgment." 2 Kan. App. 2d at 238-39.

A similar issue was addressed in *Wichita Great Empire Broadcasting, Inc. v. Gingrich*, 4 Kan. App. 2d 223, 604 P.2d 281 (1979), *rev. denied* 227 Kan. 928 (1980), where a negligence action was brought against an abstracter. In *Great Empire*, an abstracter relied on a judgment docket notation which said, "Judgment released 6-21-71." 4 Kan. App. 2d at 224. The abstracter failed to examine the original records which showed that the judgment creditor had released its judgment on only one of the judgment debtor's properties and that the property being conveyed remained subject to the judgment lien.

The district court held the abstracter was negligent, and this court affirmed. In concluding as a matter of law that relying on a judgment docket is not a reasonably diligent search, this court quoted from an old Minnesota case:

" 'The record, and not a marginal reference to it by the register, (which is required merely for convenience in making such searches,) is what determines the character and legal effect of an instrument; and the duty of an examiner of titles is not fulfilled by merely assuming the accuracy of such a reference, without examining the instrument itself.' " 4 Kan. App. 2d at 225 (quoting *Wacek v. Frink*, 51 Minn. 282, 284, 53 N.W. 633 [1892]).

In this case a diligent search of the court records would have revealed a problem with the chapter designation on the petition. As the district court found, the plaintiffs paid a chapter 60 filing fee, they tried to obtain service under chapter 60, and the clerk of the court assigned a chapter 60 case number to the file. In addition, plaintiffs pursued discovery under chapter 60; they served a notice to take the deposition of KILC's officers, and submitted interrogatories and a request for production to KILC, all without filing prior motions for court approval as required by K.S.A. 61-1710 and

K.S.A. 61-1725a. In short, the chapter 61 designation did not square with other activity in the court file.

Notably, intervenors make no claim that they were misled or confused by the erroneous chapter 61 notation on the petition in this case. In fact, the record shows that KILC, the appellants, and the bank financing the real estate purchase contacted three title insurance companies about the transaction. The first two companies refused to issue title insurance unless KILC placed funds in escrow to cover any judgment which might be entered in the case. A draft contract for sale was prepared which identified the district court case and required that KILC place $38,000 in escrow for 120 days after the closing to cover any judgment in the case.

KILC contacted a third title insurance company, Miami Title Company, which agreed to insure the property without exception for the present lawsuit. Miami Title agreed to act as the confidential agent of KILC in the transaction and promised not to inquire of plaintiffs about the lawsuit. Miami Title noted the lawsuit bore a chapter 60 case number and read the escrow provision that the other insurance companies had required. Miami Title, nonetheless, determined to proceed on the basis of the chapter designation on the petition.

The intervenors closed on the sale on November 1, 1994, signing the draft contract with the escrow provision deleted by interlineation.

In short, contrary to the position urged by intervenors and *amicus curiae*, the parties to this sales transaction did not simply rely on the chapter designation contained on plaintiffs' petition. All three title insurers recognized the possibility that "Chapter 61" was an erroneous designation. Intervenors knew long before closing that this action might affect their title. Despite possessing "[k]nowledge of facts sufficient to excite the suspicions of a prudent person," *City of Arkansas City v. Anderson*, 15 Kan. App. 2d 174, Syl. ¶ 2, 804 P.2d 1026, *rev. denied* 248 Kan. 994 (1991), intervenors chose to proceed with the purchase without the protection of an escrow.

As noted earlier, under Kansas law purchasers of real estate and title examiners must use reasonable diligence in searching the pub-

lic records for competing claims to the property. Reasonable diligence requires an investigation into the specific facts contained in the case file. See *Carnation*, 2 Kan. App. 2d at 238. The district court's decision, allowing plaintiffs to amend their petition to correct a typographical error in the chapter designation, is entirely consistent with the duty of reasonable diligence.

Intervenors' next argument is that a party claiming a statutory lien must strictly comply with the statutory requirements to create the lien. This argument focuses on the varying statutory provisions for judgment liens in civil cases. Under K.S.A. 60-2202(a), a judgment lien in an action commenced under chapter 60 is effective retroactive to the date the petition is filed, but not to exceed 4 months prior to the entry of the judgment. Under K.S.A. 60-2202(b), a judgment lien in a chapter 61 action is effective only when the fee required under K.S.A. 28-170 is paid and the clerk of the district court enters the judgment in the appearance docket. Intervenors argue that plaintiffs must strictly comply with the statutory requirements in order to claim a lien under 60-2202(a), particularly the statutory reference to "under chapter 60."

This argument merely repeats intervenors' earlier contention that the district court may not permit a plaintiff to correct a typographical error in the petition. Moreover, this argument overlooks the fact that the district court determined that this case was "filed as a Chapter 60 action." Finally, this argument overlooks the fact that the rule of strict compliance with statutory requirements is intended in part to assure notice to affected parties. See *Schwaller Lumber Co., Inc. v. Watson*, 211 Kan. 141, 145, 505 P.2d 640 (1973). In this case, as noted above, intervenors and the title insurers were placed on notice by the court file that the property was subject to a judgment lien if plaintiffs obtained judgment against KILC and that the extent of that lien was in dispute.

Intervenors assert that K.S.A. 61-1729 provides the sole authority for an order allowing a plaintiff to convert a case from chapter 61 to chapter 60. Intervenors, however, acknowledge that K.S.A. 60-215, concerning amended and supplemental pleadings, is adopted by reference in the code of civil procedure for limited actions. K.S.A. 61-1725(a). Intervenors cite no authority for their

claim that 60-215 was inapplicable here. Issues raised by an appellant with no supporting authority or argument need not be addressed. *Enlow v. Sears, Roebuck & Co.*, 249 Kan. 732, 744, 822 P.2d 617 (1991).

K.S.A. 60-215 directs that leave to amend "shall be freely given when justice so requires." *Amicus curiae* argues the amendment to the petition should only operate prospectively in regard to persons who relied on the chapter 61 designation. While the argument of *amicus curiae* may be persuasive in some other case, the intervenors in this case do not claim they acted in reliance on the chapter 61 designation. Reasonable persons could agree with the district court's decision allowing the plaintiffs to amend their petition to correct a typographical error. See *King v. Pimentel*, 20 Kan. App. 2d 579, 586, 890 P.2d 1217 (1995). See also *James v. City of Wichita*, 202 Kan. 222, Syl. ¶ 4, 447 P.2d 817 (1968) (amendment may relate back when amendment relates to conduct set forth in original pleading, adverse party has adequate notice of the conduct, and it will not be inequitable or unjust to relate the amendment back); *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 89, 283 P.2d 444 (1955) ("Great latitude is given to the trial court in the matter of amendment of pleadings with a view of curing defects, supplying omissions and preventing injustice.")

Affirmed.